918 So.2d 1004 (2006)
WACHOVIA SECURITIES, LLC, f/k/a First Union Securities, Inc., Appellant,
v.
Joy D. VOGEL and Gregory F. Vogel, Appellees.
No. 2D05-164.
District Court of Appeal of Florida, Second District.
January 20, 2006.
*1005 Sara Soto of Fowler White Burnett P.A., Miami, for Appellant.
Robert V. Williams and Mary B. Thomas of Williams, Schifino, Mangione & Steady, P.A., Tampa, for Appellee.
*1006 CASANUEVA, Judge.
Wachovia Securities, LLC, appeals an amended final judgment vacating an arbitration award and awarding damages to Joy D. Vogel and Gregory F. Vogel. The arbitration award had resolved the Vogels' claim that Wachovia's salesperson had improperly sold them an annuity product rather than mutual funds as represented, and awarded damages in excess of $106,000. Upon motion by the Vogels, the circuit court vacated the award because the arbitrators had allegedly acted in manifest disregard of the law. The court entered a judgment award for Joy D. Vogel totaling $438,020.14 composed of damages of $311,628.47 plus statutory interest of $126,391.67, as well as a judgment award for Gregory F. Vogel totaling $74,980.12 composed of damages of $53,302.28 plus statutory interest of $21,677.84. We reverse because there was no basis under law to vacate the award.

FACTS
The Vogels commenced arbitration proceedings under the auspices of the National Association of Securities Dealers (NASD) Dispute Resolution, asserting seven counts arising from Wachovia's alleged conduct in selling them variable annuity products. The seven counts included claims of misrepresentation, negligent supervision, and violation of the provisions of chapter 517, Florida Statutes (2003). Basically, the Vogels contended that the broker sold them two variable annuities costing $364,930.75 by improperly characterizing the investment products as mutual funds when in fact they were variable annuities.
At the beginning of what was to be a four-day hearing, the Vogels voluntarily dismissed six of their seven counts against Wachovia. Thus, the arbitration hearing was to resolve only the remaining count based on chapter 517. The thrust of the Vogels' complaint was that Wachovia violated section 517.301, which is titled "Fraudulent transactions; falsification or concealment of facts." This section makes it unlawful to employ certain false representations, schemes, or fraudulent artifices in rendering investment advice or in offering, selling, or purchasing investment securities or products. In support of this section, section 517.211 provides remedies, including the rescission of the sale and the award of monetary damages.
Following the hearing, the NASD entered its award. The award simply stated that "any and all claims for relief not specifically addressed herein, including Claimants['] claims for relief pursuant to Florida Statute 517, are denied." However, the award also specifically addressed the dismissed count for negligent supervision by finding Wachovia liable and awarding the Vogels damages in the amount of $106,997. Thus, on the claim that was tried, the NASD panel awarded no damages but on a count that had been dismissed prior to the presentation of evidence, the panel not only found liability but also awarded damages. As is too often the case, a careful reading of the award reveals no finding of facts or explanation of the panel's reasoning to support its conclusions.
The Vogels then filed a petition in the circuit court to vacate the arbitration award. In that proceeding the Vogels asserted that the award could be vacated because it was entered in manifest disregard of the law. Concluding that the Vogels' assertion was meritorious, the circuit court vacated the order and then entered judgment for the Vogels on their chapter 517 claim in an amount approximating $500,000.

*1007 ANALYSIS
Wachovia's appeal of the circuit court's amended final judgment vacating the arbitration award presents two issues: first, whether the trial court erred in vacating the arbitration award and awarding the Vogels damages and, second, whether the trial court erred in failing to vacate the award based on the dismissed count of negligent supervision. Where, as here, interstate commerce is involved, federal law governs the analysis of the arbitration proceeding. Merrill, Lynch, Pierce, Fenner & Smith Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981). Therefore, in resolving these issues we will examine federal decisional law applying the provisions of the Federal Arbitration Act (FAA).
Under the federal act, it is presumed that arbitration awards will be confirmed. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir.2002). Only in narrow circumstances may the arbitrators' decision be set aside. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The burden of persuasion falls upon the party seeking to vacate the award. Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1014 (11th Cir.1998). When an appellate court reviews an order confirming or vacating an arbitration award, questions of law are reviewed de novo and findings of fact are reviewed for clear error. Kaplan, 514 U.S. at 948, 115 S.Ct. 1920; Riccard, 307 F.3d at 1289; Gianelli Money Purchase Plan & Trust v. ADM Inv. Servs., Inc., 146 F.3d 1309, 1310 (11th Cir.1998).
The law recognizes four statutory and three nonstatutory bases for setting aside an arbitration order, see Montes v. Shearson Lehman Brothers, Inc., 128 F.3d 1456, 1459 n. 4 (11th Cir.1997). In this case, the Vogels relied upon the judicially-created ground that the arbitrators "manifestly disregarded the law," and the circuit court vacated the arbitration award on that basis.
In Montes, 128 F.3d. at 1461, the Eleventh Circuit defined "manifest" and "disregard" as follows:
"Manifest" means "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, undubitable, indisputable, evident, and self-evident." Black's Law Dictionary 962 (6th ed. 1990). . . . "Disregard," in turn, means "[t]o treat as unworthy of regard or notice; to take no notice of; to leave out of consideration; to ignore; to overlook; to fail to observe," Black's Law Dictionary at 472....
A legal error does not meet the standard of manifest disregard of the law. "An arbitration board that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." 128 F.3d at 1461. In Montes, this narrow basis was applied and the arbitration order vacated because the record established that the party who had obtained a favorable outcome urged the panel not to follow the law and had virtually conceded that its position was not supported by the law, which actually required a different result. Furthermore, nothing in the record or the arbitrators' decision suggested that the panel disregarded the improper invitation. The rare concurrence of all of those factors mandated that the arbitration award be vacated.
However, a similar "manifest disregard" challenge was rejected in Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir.2000). There, the claimant asserted *1008 that the arbitration panel erred by applying the wrong legal standard. Citing to its precedent, id. at 1223, the court rejected Brown's claim as follows:
In Montes, we found manifest disregard and remanded for a new arbitration proceeding because the arbitration panel was specifically asked by a party to disregard the law, and their award provided no reasons for their decision that would indicate that the request had not been followed. There are no such circumstances here. Brown argued that the arbitrator applied the wrong legal test in assessing his retaliation claim, but does not assert that this alleged error was intentional or that the arbitrator made a conscious decision not to follow the appropriate legal standard. Even if the arbitrator applied the wrong standard, which we need not decide, no manifest disregard for the law has been shown, and Brown's argument fails.
The Sixth Circuit followed a similar analytical approach in Merrill, Lynch, Pierce, Fenner and Smith, Inc. v. Jaros, 70 F.3d 418 (6th Cir.1995). Recognizing that manifest disregard of the law is a "very narrow standard of review," id. at 421, the court noted that a mere error in interpretation of the law or its application is insufficient to set aside an arbitration panel's determination. To vacate an award,
the decision must fly in the face of clearly established precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.
See also Birmingham News Co. v. Horn, 901 So.2d 27 (Ala.2004).
In this instance there is no record of the arbitration proceedings. "Where, as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle." Jaros, 70 F.3d at 421. Here, there is no record support for a finding that the arbitrators, as in Montes, intentionally elected to disregard the law. It is conceivable that the arbitrators found the Vogels' evidence unpersuasive. Likewise, the panel might have merely made an error in applying the statutory law of chapter 517 to the facts before it. Both scenarios fall short of demonstrating manifest disregard of the law. Without more proof, it is not evident that the arbitration panel took no notice of the law. See Roberson v. Charles Schwab & Co., 339 F.Supp.2d 1337 (S.D.Fla.2003) (nothing that a party requesting vacatur of an arbitration award must refute every rational basis upon which the arbitrator could have relied). Therefore, the Vogels did not carry their burden of persuasion to vacate the arbitrators' award. Manifest disregard focuses upon the manner in which the arbitrators determined the issue, not the correctness of their application of the law. Accordingly, the order of the circuit court vacating the arbitrators' award is reversed.
We next address Wachovia's claim that the arbitrators' award was improperly based on a claim of negligent supervision, which the Vogels had dismissed. As previously noted, the arbitrators' award contains an internal inconsistency in that it notes the dismissal of the count but awards damages on the very count its award noted was dismissed. We reiterate that there is no record of the proceeding before this court. Here, Wachovia bears the burden of persuasion but is limited by the absence of a record, and we are unable to ascertain whether there was a later stipulation reinstating the claim or whether the claim was tried by consent. Because *1009 the arbitrators failed to state their reasoning, Wachovia has not surmounted the tremendous obstacle imposed by the standard for vacating the award. Accordingly, we affirm.
We observe that much of the difficulty in this case flows directly from the fact that the NASD arbitrators did not explicate the reasons behind their decision. Unfortunately for the parties in this case, when the arbitrators do not, as here, explain their decision-making process, judicial vacatur of that unsubstantiated award is virtually impossible.[1]
Affirmed in part; reversed in part; remanded with instructions to reinstate the arbitration award.
ALTENBERND and NORTHCUTT, JJ., Concur.
NOTES
[1] For an interesting article discussing the fact that an arbitration award that explicates its reasoning is paradoxically more vulnerable to vacatur than a barebones decision, see Stephen L. Hayford, A New Paradigm For Commercial Arbitration: Rethinking the Relationship Between Reasoned Awards and the Judicial Standards for Vacatur, 66 Geo. Wash. L. Rev. 443, 497 (1998): "If that review on the merits is informed by a substantive reasoned award that reveals the manner in which the arbitrator resolved the questions of law, contract, or fact at issue, the chances that vacatur will be granted increase greatly. Consequently, it is clear that, in the jurisdictions adopting the broader views of the `manifest disregard of the law' and `public policy' standards, the `other' nonstatutory grounds, or both, there is substantial basis for arguing that the risks of vacatur inherent in substantive reasoned awards outweigh their benefits."