LaROSE, Judge,
Specially concurring.
This appeal centers on an arbitrator’s clause construction award holding that Vivian Anderson could not pursue class action arbitration against Maronda Homes, Inc. of Florida. In my view, the arbitrator did not manifestly disregard the law nor did he exceed his authority. Accordingly, the trial court properly confirmed the arbitrator’s award and denied Ms. Anderson’s motion to vacate the award. I agree that *128 the trial court’s order should be affirmed. Some words are necessary, however, to address what are important and not conclusively resolved issues concerning the scope of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (FAA) (2005).
I will summarize the underlying facts briefly. Ms. Anderson contracted to purchase a new home constructed by Maron-da. She paid a $10,197 deposit. Relations soured and the parties terminated the contract. Maronda returned only $7697 of Ms. Anderson’s deposit, claiming that she defaulted under the contract. Maronda retained the remaining $2500 to recoup marketing and carrying costs. The battle lines were drawn.
Ms. Anderson sued Maronda for violations of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, et seq., Fla. Stat. (2005). She amended her complaint to assert these claims on a class basis. See Fla. R. Civ. P. 1.220.
Maronda moved to compel arbitration. Paragraph 17 of the contract provided, in part, as follows:
17. RIGHT TO CURE/ARBITRATION/MEDIATION OF DISPUTES:
[[Image here]]
B. Notwithstanding the provisions of Section 17A hereinabove, the parties hereby agree that as a condition precedent to the commencement of any legal proceeding or action relating to this Agreement and after complying with Seller’s right to cure provisions referenced in Section 17A above, that the parties will attempt to resolve any disputes arising hereunder by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the mediation rules promulgated by the American Arbitration Association. Request for mediation shall be filed in writing with the other party to the Agreement and with the American Arbitration
Association. The request may be made concurrently with the following of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of sixty (60) days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.
C. Without limiting any rights set forth in other Sections of this Agreement, and after the requirements of Section 17A and 17B above have been satisfied, any and all disputes arising hereunder, including without limitation, those disputes concerning the deposit paid by buyer (such as determining which party is entitled to the deposit paid by buyer in the event this Agreement is terminated prior to closing), shall be submitted to binding arbitration and not to a court for determination. Arbitration shall commence after written notice is given from either party to the other, such arbitration shall be accomplished expeditiously in the county where the home is located and shall be conducted in accordance with the rules of the American Arbitration Association (“AAA”). The arbitration shall be conducted by a single arbitrator who is mutually agreed upon by the parties. The arbitrator shall be selected from a list of arbitrators submitted by the AAA and shall have expertise in the home-building and construction area of law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Each party shall pay his/her own, legal fees and costs and any other fees incurred in connection with an arbitration proceeding which arises out of or relates in any way to this Agreement, the home, the relationship between the parties, statu *129 tory violations, and/or any alleged duties or obligations between the parties, provided, however, that the arbitration panel shall award the arbitrators’ fees and costs to the prevailing party in its arbitration judgment.
D. By initialing below, buyer agrees to have any controversy or claim arising out of or relating to this Agreement or any other document signed or initialed in connection with this Agreement, the home, the relationship between the parties, statutory violations, and/or any alleged duties or obligations between the parties determined by binding arbitration and hereby acknowledges and agrees that it has unequivocally given up and waived any right or opportunity to file, litigate, or have heard any claims, causes of action or disputes in a federal, state or other court of law or equity. In no event shall buyer be entitled to a trial by jury. In the event that buyer files any action in a court of law against seller, buyer consents to the immediate entry of an order of dismissal with prejudice of all causes of action against seller. In such event buyer shall reimburse seller for all attorneys fees and costs incurred in obtaining such order of dismissal.
Over Ms. Anderson’s objections, the trial court compelled arbitration. We affirmed that decision on appeal pursuant to Fla. R.App. P. 9.130(a)(3)(C)(iv). See Anderson v. Maronda Homes, Inc. of Florida, 37 So.3d 856 (Fla. 2d DCA 2010) (unpublished table decision).
As a threshold matter, the arbitrator set out to determine whether the parties agreed to arbitrate on a class basis. The contract contains no explicit language addressing class arbitration. Ms. Anderson urged the arbitrator not to rewrite the contract to include a class action waiver. Alternatively, she contended that such a waiver is unenforceable under Florida law. Maronda argued that the FAA applied and under Stolt-Nielsen S.A. v. AnimalFeeds Int’l Corp., — U.S. — , 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010), the arbitration could not proceed on a class basis.
With some reluctance, the arbitrator entered a clause construction award, holding that the parties had not agreed to class arbitration. Because the FAA applied, the arbitrator felt bound by Stolt-Nielsen to deny class-action arbitration.
Maronda returned to the trial court and moved to confirm the award. See § 682.12, Fla. Stat. (2005). Ms. Anderson moved to vacate. See § 682.13. She asserted that the arbitrator exceeded his authority and manifestly disregarded the law. Agreeing with the arbitrator’s reasoned award, the trial court confirmed the award and denied the motion to vacate. From that order, Ms. Anderson appeals. See Fla. R.App. P. 9.130(a)(3)(C)(iv). In reviewing an arbitration award, we review questions of law de novo and findings of fact for clear error. Wachovia Sec., LLC v. Vogel, 918 So.2d 1004, 1007 (Fla. 2d DCA 2006).
A. The FAA applies to this dispute.
The trial court detailed the interstate commerce dimensions of the underlying transaction. The trial court’s analysis on this point is consistent with decisions that apply the FAA to contracts for the construction, financing, and sale of homes. I see no question but that the FAA governs. See 9 U.S.C. § 2 (2005); Vogel, 918 So.2d at 1007 (“Where ... interstate commerce is involved, federal law governs the analysis of the arbitration proceeding.”); Powertel, Inc. v. Bexley, 743 So.2d 570, 573 (Fla. 1st DCA 1999) (stating that arbitration clause in a contract involving interstate commerce is subject to the FAA); Frizzell Constr. Co. v. Gatlinburg, L.L.C., *130 9 S.W.3d 79 (Tenn.1999) (stating the factors that showed construction contract involved interstate commerce and compiling cases).
Ms. Anderson urges us to recognize that the underlying contract specifies that Florida, not federal, law applies. Preston v. Ferrer, 552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008), likely forecloses her position. Ms. Anderson and Maronda agreed to arbitration in accordance with the rules of the American Arbitration Association (AAA). Consequently, the choice of Florida law relates to Florida substantive law governing the parties’ respective rights and obligations. See id. at 359, 128 S.Ct. 978; Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). This rule may not anticipate application of state rules or laws of arbitration.
To the extent the underlying transaction involves interstate commerce, the arbitration provision, as a matter of federal law, is valid, irrevocable, and enforceable. See 9 U.S.C. § 2 (2005).
B. 'The arbitrator did not rewrite the contract.
Ms. Anderson vigorously argues that the clause construction award rewrites the arbitration provision to include a class action waiver. Ms. Anderson misunderstands the arbitrator’s role. Because the arbitration provision was silent on the issue of class arbitration, contract interpretation was required to determine whether there was any agreement on the point. Contract interpretation is clearly within the arbitrator’s ken. Moreover, AAA Class Rule 3 provides that the arbitrator will decide the class status issue:
Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (“the Clause Construction Award”).
By adopting the AAA rules, the parties recognized that the arbitrator “shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.” Am. Arbitration Ass’n, Constr. Indus. Arbitration Rules & Mediation Procedures, R-9(a) Jurisdiction (Oct. 1, 2009); Am. Arbitration Ass’n, Commercial Arbitration Rules & Mediation Procedures, R-7(a) Jurisdiction (June 1, 2009).
In interpreting the arbitration provision, the arbitrator necessarily relied on Stolb-Nielsen. Beyond peradventure, “a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.” Stolh-Nielsen, 130 S.Ct. at 1775. Assent to class arbitration is needed; agreement cannot be inferred from silence.
An implicit agreement to authorize class-action arbitration, however, is not a term that the arbitrator may infer solely from the fact of the parties’ agreement to arbitrate. This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator. In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. But the relative benefits of a class-action arbitration are much less assured, giving reason to doubt the parties’ mutual consent *131 to resolve disputes through class-wide arbitration.
Id. (citations omitted).
On our record, I cannot agree that the arbitrator rewrote the contract. He interpreted the contract. Unfortunately for Ms. Anderson, he reached a conclusion not to her liking.
C. AT & T Mobility has limited application here.
Maronda relies, in part, on the Supreme Court’s recent decision in AT & T Mobility LLC v. Concepcion, — U.S. — , 181 S.Ct. 1740, 179 L.Ed.2d 742 (2011), to bolster its argument that the FAA preempts class arbitration. Maronda paints with too broad a stroke. AT & T Mobility involved a purported consumer class action. The arbitration agreement specifically precluded class arbitration. The California courts invalidated the agreement by virtue of the Discover Bank rule. See Discover Bank v. Superior Court, 36 Cal.4th 148, 30 Cal. Rptr.3d 76, 113 P.3d 1100 (Calif.2005). Under the Discover Bank rule, a class action waiver in a consumer arbitration agreement is unconscionable if the agreement is an adhesion contract, disputes involve small sums, the parties have unequal bargaining power, and there are allegations of a scheme to defraud. The Discover Bank rule essentially invalidates most class action waivers in consumer arbitration contracts.
The Supreme Court held that the FAA preempted the Discover Bank rule. AT & T Mobility LLC v. Concepcion, 131 S.Ct. at 1747. In so doing, it ruled that the Discover Bank rule was a state-imposed policy preference that “interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.” 131 S.Ct. at 1748. The Court continued, “[t]he overarching purpose of the FAA ... is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.” Id. According to the Court, “class arbitration, to the extent it is manufactured by Discover Bank rather than consensual, is inconsistent with the FAA.” Id. at 1751.
Although AT & T Mobility reiterates the long-cited proposition that arbitration is a matter of contract, its application here is limited. Principally, AT & T Mobility involved an explicit class action waiver; that is not our case. Indeed, the result in AT & T Mobility was to enforce the parties’ contractual undertaking. In contrast, the arbitrator in his clause construction award was attempting to discern an intent from the silence of the arbitration provision.
Moreover, it is not entirely clear to me that AT & T Mobility establishes a categorical rule against class arbitration. AT & T Mobility’s reach remains unsettled. It is not impossible to conjure up a situation where a class waiver so thoroughly vitiates the ability to vindicate rights that the waiver cannot stand. See, e.g., In re Am. Express Merchants’ Litig., 634 F.3d 187 (2d Cir.2011).
D. The trial court had no choice but to deny the motion to vacate.
Ms. Anderson argued that the arbitrator exceeded his authority in construing the arbitration provision or, alternatively, manifestly disregarded the law in his clause construction award. Neither argument, in my view, is well placed.
1. Limited grounds are available to vacate an arbitration award.
Faced with a motion to confirm the arbitration award, the trial court was required to confirm the award unless Ms. Anderson established a basis to vacate. See 9 U.S.C. *132 § 9 (2005). Section 10 of the FAA recognizes four statutory bases to vacate an arbitration award:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a) (2005).
Ms. Anderson argues that the arbitrator exceeded his power. I cannot agree. As noted earlier, contract interpretation is a matter particularly within the scope of an arbitrator’s authority. The arbitrator conducted his analysis pursuant to the AAA Rules that the parties agreed would govern any arbitration. And, of course, the arbitrator was bound to apply federal law in rendering his clause construction award. Under these circumstances, the arbitrator acted well within his authority in concluding that the arbitration provision did not allow class arbitration.
2. Non-statutory grounds for vacatur are unavailing.
Alternatively, Ms. Anderson argues that the arbitrator manifestly disregarded the law. Subsumed within this rubric is her contention that the arbitrator made a decision contrary to public policy. Manifest disregard of the law is a judicially-crafted basis to vacate an arbitration award. A court may “vacate an award where there is ‘clear evidence that the arbitrator was conscious of the law and deliberately ignored it.’ ” Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1322 n. 7 (11th Cir.2010) (quoting B.L. Harbert Int'l LLC v. Hercules Steel Co., 441 F.3d 905, 910 (11th Cir. 2006)). On our record, I cannot say that the arbitrator manifestly ignored the law. To the contrary, he scrupulously applied StolL-Nielsen.
Maronda stresses that manifest disregard of the law is no longer a basis to vacate an arbitration award. Maronda relies on Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). According to Maron-da, the Supreme Court held in Hall Street that only the grounds in § 10 of the FAA are available to vacate an award. Some courts, including the Eleventh Circuit, have held that Hall Street eliminates all nonstatutory grounds for vacatur. See Frazier, 604 F.3d at 1314, 1324. The trial court accepted this argument.
Even though the arbitrator did not manifestly disregard the law, I think it is important to note that Hall Street is not as clear as Maronda would argue. After all, in Hall Street, the parties sought to impose additional grounds for vacatur upon the court. Since Hall Street, several courts have limited its scope, holding that it did not dispense with the judicially-crafted grounds to vacate. See Frazier, 604 F.3d at 1322-24 (discussing cases).
The same can be said of any separate public policy basis to vacate. Courts have “ ‘refuse[d] to enforce arbitration awards where enforcement would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general consideration of supposed public interests.’ ” Frazier, 604 *133 F.Bd at 1B22 n. 7 (quoting Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 781 (11th Cir.1993)). Although the validity of a public policy basis for vacatur remains open to question under Hall Street, in this case, the arbitrator’s clause construction award is in line with the policy of the FAA as defined by Stolt-Nielsen.
Unquestionably, the inability to proceed on a class basis may make it difficult, if not impossible, to vindicate statutory rights. The state of the law seems to apply contract law principles rigidly to arbitration provisions. Parties cannot be forced to undertake what they have not agreed to do. If Congress is concerned with limitations on consumer rights, it certainly has the authority to amend the FAA. See S.B. 987, Arbitration Fairness Act of 2011.