Thomas J. SANDERS, Petitioner,

v.

George OLIPHANT, Special Judge of the County Court, Hughes County, Oklahoma, Respondent.

No. A–12880.

Court of Criminal Appeals of Oklahoma.

May 3, 1960.

Robert G. Grove, Oklahoma City, for petitioner.

George S. Turner, County Atty., Hughes County, Holdenville, for respondent.

POWELL, Presiding Judge.

Petitioner, Thomas J. Sanders, under date of March 21, 1960 filed herein his petition against George Oliphant, special judge of the county court of Hughes County, alleging that the said respondent was attempting to exercise jurisdiction in a criminal proceeding filed in said county court contrary to the express restrictions and prohibitions of the Constitution of the State of Okla-homa; and further alleging that petitioner has no adequate remedy at law.

This Court assumed jurisdiction of the case, and on March 22, 1960 an alternative writ was issued, and response was filed March 29, 1960. Oral argument was heard March 30, 1960, and counsel for respondent was given five days additional time to file brief.

From the petition, exhibits and oral argument, it appears that on January 29, 1959 petitioner, who at that time was sheriff of Hughes County, was charged in the county court of said county in case No. 4920 with the crime of "failing to comply with Section 1261, Title 22, Oklahoma Statutes, 1951."

The gist of the charge was that T. J. Sanders, as sheriff of Hughes County, on August 12, 1958 received certain bottles of intoxicating liquor from constable Ed Summers, under the provisions of the named statute, and thereafter failed to obtain an order from the county judge for its destruction.

There is not involved any question of the unlawful disposition of the whiskey other than the failure to obtain authority from the court for the breaking and destruction of the whiskey in question.

The only question before this Court is one of the jurisdiction of the county court to try petitioner herein for the offense charged. Therefore, the question of the propriety of the special judge in overruling a motion to quash the information and demurrer to the information will not be considered.

The petitioner's motion to dismiss the information had never been acted upon by the court, although it is alleged in petition filed herein that repeated demands to rule upon the motion have not been acted upon, and that petitioner is entitled to a speedy determination of the matter raised.

In written response filed herein by the county attorney of Hughes County and orally argued before this Court, it is conceded that the county court of Hughes County does not have jurisdiction of the

proceeding. In the response, paragraph five reads:

"That this respondent requests that this Court direct or instruct this respondent as to whether this case should be dismissed or referred to the district court of Hughes County for further proceedings."

The basis of the assertion by petitioner that respondent and the county court of Hughes County have no jurisdiction of the case in question (and the now apparent admission by respondent to that effect) is by reason of Art. 7, § 12 of the Constitution of the State of Oklahoma, and 20 O.S. 1951 § 271.

The pertinent part of the Constitutional provision (Art. 7, § 12) reads:

"The County Court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the District Court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest: Provided, That the County Court shall not have jurisdiction in any action for malicious prosecution, or in any action for 'divorce or alimony, or *in any action against officers for misconduct in office*, * * *." (Italics supplied.)

Title 20 O.S.1951 § 271 implements the above Constitutional provision, and specifically states that the county court shall not have jurisdiction in any action against officers for misconduct in office. See the early case of State ex rel. Ikrd v. Russell, 33 Okl. 141, 124 P. 1092, where the Oklahoma Supreme Court held in effect that the prohibition in the Constitution (Art. 7, § 12) against the exercise by the county court of jurisdiction in actions against officers for misconduct in office, includes all actions against such officers for misconduct, and jurisdiction over such proceedings is in the district court.

In a later case, Lawhorn v. Robertson, Okl.Cr., 266 P.2d 1008, 1009, this Court, in paragraph 5 of the syllabus by the Court, said:

"The prohibition in Oklahoma Constitution, Art. 7, § 12, against the exercise by the county court of jurisdiction in actions against officers for misconduct in office, includes all actions against such officers for misconduct, and jurisdiction over such proceedings is in the district court. * * *"

See also Estes v. Crawford, 62 Okl.Cr. 156, 60 P.2d 798, 799; State v. Sowards, 64 Okl.Cr. 430, 82 P.2d 324.

We find also that the Oklahoma Constitution (Art. 7 § 10) gives the district courts of the State original jurisdiction in all cases where exclusive jurisdiction is not given some other court.

By reason of the admission of respondent that he does not have jurisdiction in this case, it is not necessary to discuss the matter further, as it is also the conclusion of this Court, based on the cited constitutional and statutory provisions, that the County Court of Hughes County does not have jurisdiction to try the petitioner for the crime charged. Therefore, the respondent, George Oliphant, Special Judge of the County Court of Hughes County, Oklahoma, and the County Court of Hughes County, Oklahoma, by reason of lack of jurisdiction are prohibited from proceeding further, other than that an order dismissing the charge in question against Thomas J. Sanders, the petitioner, may be entered.

Writ granted.

NIX and BRETT, JJ., concur.