Margaret B. FENT and Jerry R. Fent, wife and husband, on behalf of themselves and all other persons of the class who are similarly situated, Appellants,

v.

OKLAHOMA NATURAL GAS COMPANY, a DIVISION OF ONEOK, INC., a corporation, Appellee.

No. 72583.

Court of Appeals of Oklahoma, Division 3.

Aug. 14, 1990.

Rehearing Denied Oct. 16, 1990.

Certiorari Denied Jan. 29, 1991.

Jerry R. Fent, Oklahoma City, pro se.

Jerry R. Fent, Oklahoma City, for other appellants.

John M. Sharp, Tulsa, for appellee.

## OPINION

HUNTER, Vice Chief Judge.

Appellants filed this individual suit and class action against Appellee Oklahoma Natural Gas (ONG) for damages to their private property and other similarly situated property when ONG relocated a properly operating gas meter from the basement of their property. ONG moved to dismiss Appellants' amended petition on the ground that the district court had no subject matter jurisdiction and Appellants failed to state a claim upon which relief could be granted. The district court sustained ONG's motion to dismiss and this appeal followed.

On June 6, 1988, Appellants reported a gas leak in their backyard located between the gas meter in their basement and ONG's easement behind their home. ONG disconnected gas service to the home and removed the gas meter from the basement in order to relocate it in its easement. In doing so, ONG left a ten-inch gap in the gas pipeline and refused to repair it or replace the leaking pipeline in the back yard. ONG denied ownership and responsibility for the pipeline from its easement through Appellants' backyard up to the gas meter. Appellants were forced to repair the ten-inch pipeline gap in the basement caused by ONG removing the properly working meter and had to lay new pipe line to the new gas meter site before ONG would agree to restore gas service to their property. The district court dismissed Appellants' amended petition upon ONG's contention that the Oklahoma Corporation Commission (Commission) had sole jurisdiction over the subject matter of Appellants' suit.

ONG is regulated by the Commission, which is a tribunal of limited jurisdiction with powers conferred upon it by the Oklahoma Constitution and by statute. Article 9, § 18 of the Oklahoma Constitution empowers the Commission to supervise, regulate and control public utility companies doing business within the state in all matters relating to performance of their public duties. Title 17 O.S.1981 § 152 provides that the Commission shall generally supervise all public utilities and shall "prescribe rules, requirements and regulations affecting their services, operation, and the management and conduct of their business …" The Commission is not a court of general jurisdiction and cannot enter a money judgment against any party. *Lear Petroleum Corp. v. Seneca Oil Co.,* 590 P.2d 670 (Okl.1979). The Commission, likewise, does not have jurisdiction over a case involving the liability of a public utility for tortious and wanton acts of negligence resulting in damages beyond its expertise.

*Continental Tel. Co. of Oklahoma v. Hunter,* 590 P.2d 667 (Okl.1979).

■ On the other hand, the district courts have unlimited original jurisdiction of all justiciable matters by authority of Article 7, § 7 of the Oklahoma Constitution in all cases where exclusive jurisdiction is not given some other court, or as otherwise provided by the Constitution. *State ex rel. Southwestern Bell Tel. Co. v. Brown,* 519 P.2d 491 (Okl.1974); *Sanders v. Oliphant,* 351 P.2d 1080 (Okl.Cr.1960).

■ Appellants sued in tort and contract for money damages resulting from ONG's alleged breach of agreement for gas service, wrongful termination of gas service, refusal to restore service and for damage to private property. Appellants alleged that ONG owned the gas meter and gas pipeline upon their private property and it was ONG's, not Appellants' pipeline which leaked gas at a location between the gas meter and ONG's easement. Appellants claim they are entitled to damages because they are not responsible for repair of the leaking gas pipeline nor responsible for the cost of running a new line to the new meter or repair of the ten-inch gap in the pipeline caused when ONG removed the properly working gas meter from Appellants' basement.

■ Appellants do not contest or challenge any rule of the Commission. The parties agree that the ownership and responsibility for maintaining gas pipelines is established and controlled by the rules of the Commission. The threshold question of which party is responsible for the pipeline across ONG's easement to Appellants' residence has been determined in the Corporation Commission by rules. Rule 6a of the Commission's Rules and Regulations Prescribing Standards for Gas Service and Providing for the Testing of Gas Meters and Otherwise Regulating the Service or Natural Gas Utilities in the State of Oklahoma provides as follows:

> Each utility shall operate and maintain in safe, efficient and proper condition all of its facilities and instrumentalities used in connection with the transmission, distribution, storage, regulation, measurement and delivery of gas to each consumer *up to and including the point of delivery into the piping owned by the consumer. Unless otherwise agreed by the utility and the customer, the point of delivery shall be at the outflow side of the meter.* (Emphasis added.)

Pursuant to Rule 6a, ONG was clearly responsible for the maintenance of the gas pipeline from its easement to the output side of the pipeline coming from the meter in Appellants' basement. Thus, when ONG removed the properly working meter from Appellants' basement, it had a duty to repair the ten-inch gap left from removal of the meter and the leaking gas pipeline coming from its easement.

■ The trial court erred in finding it had no subject matter jurisdiction over this action for money damages and further erred in finding Appellants failed to state a claim upon which relief could be granted. The trial court's judgment dismissing Appellants' amended petition with prejudice is hereby REVERSED AND REMANDED for further proceedings. Both parties' motions for appellate attorney fees are hereby DENIED.

HANSEN, J., concurs.

GARRETT, J., dissents with separate opinion.

GARRETT, Presiding Judge, dissenting.

On June 6, 1988 Margaret Fent and Jerry Fent (Appellants) reported a gas leak in the backyard of their residence to Oklahoma Natural Gas Company (ONG). ONG is a regulated public utility that sells natural gas to customers, including residential customers such as Appellants. The gas leak was located between the gas meter, which was located in the basement of Appellants' residence, and the utility easement located behind Appellants' home. The easement is an area used, inter alia, for gas pipelines and meters.

Because of the magnitude of the leak, the meter was removed from the basement and gas service was terminated. ONG ad-

vised Appellants that the gas line between the residence and the easement would need to be repaired, at Appellants' expense, and approved by city inspectors before gas service would be restored.

Appellants replaced the gas line. It was inspected and approved. A new gas meter was placed in the easement behind the residence. Appellants then sought reimbursement from ONG for the expense of replacing the line. Upon ONG's refusal to reimburse, Appellants commenced this action in district court as a class action to recover the costs. [There has been no compliance with 12 O.S.Supp.1984 § 2023 relating to class actions.] ONG moved to dismiss on the grounds of lack of subject matter jurisdiction and failure of Appellants to state a claim upon which relief can be granted. The motion to dismiss was sustained. Appellants filed an amended petition and the action was again dismissed on the same grounds. Appellants did not proceed against ONG in the Oklahoma Corporation Commission.

The Oklahoma Corporation Commission regulates public utilities such as ONG and is a tribunal of limited jurisdiction with powers conferred by the Oklahoma Constitution, Art. 9, § 18, and by statute, 17 O.S.1981 §§ 151–155. As set out in 17 O.S.1981 § 152:

> The Commission shall have general supervision over all public utilities, with power to ... prescribe rules, requirements and regulations, affecting their services, operation, and the management and conduct of their business.... It shall have full visitorial and inquisitorial security and accommodation afforded by their service, but also with respect to their compliance with the provisions of this act [§§ 151–155] and with the Constitution and laws of this state, and with the orders of the Commission.

The Corporation Commission may not award money damages. *Lear Petroleum Corp. v. Seneca Oil Co.*, 590 P.2d 670 (Okl.1979). It does however have jurisdiction of controversies between the public utility and its patrons. *Chicago R.I. & P. Ry. Co. v. State*, 158 Okl. 57, 12 P.2d 494 (1932). In *Pelican Production Corp. v. Wishbone Oil & Gas, Inc.*, 746 P.2d 209 (Okl.App.1987), the Court held that *the Corporation Commission has sole authority to adjust equities and to protect correlative rights of interested parties.* While that case dealt with oil and gas matters, the jurisdiction of the Corporation Commission over public utilities is analogous and derived from the same source. The *Pelican* court held that a Corporation Commission determination is prerequisite to an action for money damages in the district court.

In this matter, the threshold question is: "Who is responsible for the pipeline across Appellants' backyard from the easement to the residence?" This is a controversy between a regulated utility and its patron. Thus, original jurisdiction is vested in the Corporation Commission. Appellants may be correct (in this case) in their contention that ONG was, and is responsible for repair and replacement of the old pipeline and connecting it to their line in the basement, because the meter was there. In the future, ONG may be correct in contending that Appellants are responsible from the new location of the meter into the house. [See rule 6a, quoted by the majority.]

However, Appellants filed their action in the wrong court. Correct procedure would have been for Appellants to file a case before the Corporation Commission, secure an order that ONG was the responsible party, and, if possible, secure an order requiring ONG to replace the line at its expense. Then, if ONG failed to do so, Appellants could commence an action for money damages in District Court. Absent prior determination of the basic issue, and issues necessarily incident thereto, by the Corporation Commission, the District Court lacks subject matter jurisdiction of this action. The dismissal was proper.

If the majority opinion herein is correct, original jurisdiction of all cases which properly should be filed in the Corporation Commission may easily be vested in the District Court by the simple expedient of praying for money damages. In this manner, all

who wish to do so, may circumvent the constitution and statutes of Oklahoma.

I respectfully dissent.