2001 OK 35

Margaret B. FENT and Jerry R. Fent, wife and husband, on behalf of themselves and all other persons of the class who are similarly situated, Appellants,

v.

OKLAHOMA NATURAL GAS COMPANY, a division of Oneok Inc., a corporation, Appellee.

No. 88,213.

Supreme Court of Oklahoma.

April 17, 2001.

Rehearing Denied June 26, 2001.

James M. Little, Little, Miner & Petersen, Oklahoma City, OK, for Appellants.

Vivian C. Hale, Stuart D. Campbell, GABLE & GOTWALS, Tulsa, OK, for Appellee.

WINCHESTER, J.

¶1 On July 26, 1996, the trial court granted the motion of the appellee, Oklahoma Natural Gas Company (ONG), to strike as moot the motion of the appellants, Margaret B. Fent and Jerry R. Fent (Fents) to certify this suit as a class action. In addition, the trial court found that the Fents' motion to certify this matter as a class action should be denied. The Court of Civil Appeals, Division 2,[1] affirmed the trial court's interlocutory order. This Court has previously granted certiorari.

¶2 This is the third appeal by the Fents in their lawsuit against ONG. In 1988, the

---

1. In 1996 the legislature changed the name of the Court of Appeals to the Court of Civil Appeals. 1996 Okla.Sess.Laws, ch. 97. For purposes of consistency in this opinion, that court shall be referred to by its new designation, even though some of its opinions referred to in the text predate the amendment.

Fents, husband and wife, as landowners and customers of ONG, a public utility, brought an individual and class action on behalf of themselves and other similarly situated customers of ONG. The controversy began when the Fents had reported to ONG that gas was leaking in the pipeline in their back yard. ONG denied ownership and responsibility for the pipeline, which ran from its easement behind the Fents' property, through the Fents' back yard to ONG's gas meter located in the basement of the Fents' home. ONG disconnected the gas service, removed the properly operating gas meter from the Fents' basement, leaving a ten-inch gap in the pipeline where the old meter was removed, and refused to repair or replace the yard line [2] where the gas had been leaking. Before ONG would restore gas service, ONG required that the Fents repair the gap in their basement, and install another yard line to connect to a new meter that ONG installed in the Fents' back yard utility easement. The Fents made the required repairs and then filed this individual and class-action suit [3] against the utility company. The Fents claim that there are 140,202 total ONG gas meters on private property, all having a yard line and ten-inch gap to be repaired when ONG pulls its gas meter for relocation. The Fents seek the following relief in their lawsuit: injunctive and declaratory relief, damages for repair of the ten-inch gap left when ONG pulls a meter off private property, and damages for repair and replacement of yard lines.

## I. FENT I

¶ 3 Before the issue of whether the class should be certified was litigated, ONG moved

to dismiss, arguing that the district court had no subject matter jurisdiction and the Fents failed to state a claim upon which relief could be granted. The district court granted ONG's motion to dismiss. The Court of Civil Appeals, Division III, reversed, and this Court denied ONG's petition for certiorari. The Court of Civil Appeals reiterated that the Corporation Commission is not a court of general jurisdiction and cannot enter a money judgment against any party. *Fent v. Oklahoma Natural Gas,* 1990 OK CIV APP 70, ¶ 1, 804 P.2d 1146, 1147 (*Fent I*). That court held that the threshold question of which party is responsible for the yard line had been determined by the rules of the Corporation Commission. The court determined that pursuant to Rule 6(a) of the Commission's Rules and Regulations Prescribing Standards for Gas Service and Providing for the Testing of Gas Meters and Otherwise Regulating the Service or Natural Gas Utilities,[4] ONG was clearly responsible for the maintenance of the gas pipeline from its easement to the output side of the pipeline coming from the meter in the Fents' basement. The court continued that ONG had a duty to repair the ten-inch gap left from removal of the meter and the leaking gas pipeline coming from its easement. *Fent I,* 1990 OK CIV APP 70, ¶¶ 6, 7, 804 P.2d at 1148.

## II. FENT II

¶ 4 On remand, but before the merits of the case were decided, ONG filed an application with the Corporation Commission re-

---

**2.** A yard line is a pipe that runs from ONG's service line on an easement or from a curb line, to the customer's residence.

**3.** The Fents requested certification of a class consisting of: "All private persons being served by the defendant OKLAHOMA NATURAL GAS COMPANY ('ONG'), who have an ONG gas meter located upon their private property (while outside public easements or public dedication) when ONG transports its gas through 'yard lines' to ONG gas meters for sale of ONG owned gas, and where these private persons have in the past, present or the future had (or will have) ONG gas meter [sic] relocated off their private property

without ONG paying removal, relocation, repair or abandonment costs or damages."

**4.** The rule as quoted in the opinion provides: "Each utility shall operate and maintain in safe, efficient and proper condition all of its facilities and instrumentalities used in connection with the transmission, distribution, storage, regulation, measurement and delivery of gas to each consumer up to and including the point of delivery into the piping owned by the consumer. Unless otherwise agreed by the utility and the customer, the point of delivery shall be at the outflow side of the meter." *Fent I,* 1990 OK CIV APP 70, ¶ 6, 804 P.2d at 1148.

questing an interpretation of the applicable rule and an order that ONG customers are responsible for installing, replacing and maintaining pipeline from ONG's easement to the customers' point of consumption, regardless of the meter's location. The Fents, who were parties to the agency proceeding, objected. They asserted that their dispute with the utility had been resolved by *Fent I*, and the Corporation Commission lacked power to decide the issues placed in controversy. *Fent v. Oklahoma Natural Gas,* 1994 OK 108, ¶ 5, 898 P.2d 126, 130 (*Fent II*). The Commission ruled that it had jurisdiction and that regardless of the gas meter's original location away from the utility easement, the gas utility customer was financially responsible for the installation, maintenance, repair or replacement of the gas yard line, which is the line extending between the utility easement and the premises served. *Fent II,* 1994 OK 108, ¶ 6, 898 P.2d at 131. The Fents appealed, arguing that *Fent I* settled ONG's liability for the costs of the reinstallation. The Court of Civil Appeals, Division IV, affirmed. This Court granted certiorari, vacated the opinion of the Court of Civil Appeals, and reversed the Corporation Commission's order.

¶ 5 This Court held that ONG's attempt to bring the issues settled in *Fent I* before the Corporation Commission was an impermissible collateral attack barred from agency relitigation by the doctrine of issue preclusion. *Fent II,* 1994 OK 108, ¶ 12, 898 P.2d at 133. This Court determined that *Fent I* settled three issues: (1) the district court had cognizance of the Fents' claim; (b) the Commission rules governed the parties' liability for the repair and maintenance of the gas pipeline on the Fents' premises; and (3) Rule 6(a) applied to the Fents' claim and its construction was not inconsistent with ONG's liability. None of those issues could be relitigated in a collateral proceeding before the Commission. *Fent II,* 1994 OK 108, ¶ 16, 898 P.2d at 133–134. But *Fent I* did not settle the ultimate issue of liability because the facts have not yet been resolved by the trial court. *Fent II,* 1994 OK 108, ¶ 18, 898 P.2d at 134.

¶ 6 However, *Fent I* did decide the threshold question of which party is responsible for the pipeline access across ONG's easement to the Fents' residence. The Court of Civil Appeals held: "Pursuant to Rule 6a, ONG was clearly responsible for the maintenance of the gas pipeline from its easement to the output side of the pipeline coming from the meter in the Appellants' basement." *Fent I,* 1990 OK CIV APP 70, ¶ 7, 804 P.2d at 1148. Issue preclusion bars relitigation of that issue in some other forum, specifically, the Corporation Commission. The construction of Rule 6(a) and that rule's effect on the claim was fully and fairly settled. *Fent II,* 1994 OK 108, ¶ 22, 898 P.2d at 135.

## III. JENKS

¶ 7 After the *Fent II* decision, ONG alleged that it received several customer requests for reimbursement for costs the customers incurred in repairing or replacing their yard lines. On September 7, 1995, ONG filed a new application to the Corporation Commission for a determination of its financial responsibility, if any, for installation, maintenance, repair and replacement of yard lines of its customers. It claimed an uncertainty existed as a consequence of *Fent I,* and *Fent II.* The application excluded the Fents, and sought this ruling to determine ONG's responsibilities to all other customers having yard lines.

¶ 8 The Fents and Harold Jenks filed pleadings including a Motion to Continue the hearing on the merits, which the Corporation Commission granted. They then filed an Application to Assume Original Jurisdiction and a Petition for Writ of Prohibition in this Court, asking that the Commission be prohibited from proceeding in the cause for lack of jurisdiction. As authority, they cited *Fent I* and *Fent II.* They also requested that the Commission proceedings be stayed pending the decision on their application and petition. Although the Court had granted the temporary stay, it denied the Application to Assume Original Jurisdiction, and the stay was lifted. *Jenks v. Oklahoma Natural Gas,* Case No. 87,666, slip op. at 6 (OK CIV APP, Div. III, Nov. 17, 1997).

¶ 9 ONG presented testimony regarding the Commission's Rules that since 1922 the customer had always been responsible for the yard line, regardless of the location of the meter. The Commission's staff conceded that ONG had operated under such interpretation of the Rules since 1922. ONG asked the Commission to reaffirm its interpretation of its Rules governing yard lines it had consistently maintained since at least 1922, except as it relates to the Fents. *Jenks,* slip op. at 7. In Order No. 402102, the Commission found that it had jurisdiction of the subject matter and of the parties, and that according to the Rules of the Commission, with the exception of the Fents, the customer was financially responsible for the installation, maintenance, repair or replacement of yard lines, regardless of meter location. The Commission specifically found that Rule 6(a) did not control the financial responsibility for the repair or replacement of yard lines, and that such responsibility could only be determined by the application of all relevant rules, specifically Rules 6, 7 and 8. *Jenks,* slip op. at 8.

¶ 10 On appeal, the Court of Civil Appeals, Division III, concluded that ONG was, in effect, attempting to secure an order from the Commission exempting it from liability on future, unknown claims. The court observed that the Commission has rule-making authority, but that this issue was not a rule-making matter. The court held that the Commission order must fall because it was an attempt to pre-judge future disputes. The court, on November 17, 1997, reversed the Commission's order. *Jenks,* slip op. at 9–10. ONG and the Corporation Commission filed petitions for certiorari, which were denied.

## IV. FENT III

¶ 11 As noted above, the trial court denied the Fents' motion to certify the class on July 26, 1996, which was over a year before the Court of Civil Appeals reversed the Corporation Commission's order in *Jenks.* The trial court's order was filed on September 9, 1996, and the Petition in Error was filed on October 1, 1996. From the Answer Brief of ONG, filed November 26, 1996, it is clear that the basis of the argument against a class certification was that the Corporation Commission specifically excluded the Fents from Order No. 402102. ONG's Answer Brief of November 25, 1996, states that its Motion to Strike the Fents' Motion for Class Certification was based on the grounds that there was not a class of customers whom the Fents could represent, because the Fents' claim is not "typical" and "common questions" of law and fact cannot "predominate." ONG argues that there are no other ONG customers who are similarly situated. An examination of the original record reveals that on the basis of this argument, the trial court made its findings and order striking as moot the Fents' motion for class certification. In addition, the court denied that motion. We do not believe that the trial court intended the latter act to be redundant.

## V. STANDARD OF REVIEW

¶ 12 An appellate court will reverse a trial court's order denying class certification only where the appellant demonstrates a clear showing of abuse of discretion. *Mattoon v. City of Norman,* 1981 OK 92, ¶ 25, 633 P.2d 735, 740. When the record is adequate to show that one of the four prerequisites for class action certification under 12 O.S.1991, § 2023(A) [5] is not met, the trial court's decision to deny the motion may be affirmed. Even if all four are met, the party seeking class certification must also have proven in the trial court that the class met one of three additional requirements con-

---

5. Title 12 O.S.1991, § 2023(A) provides:
"PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
"1. The class is so numerous that joinder of all members is impracticable;
"2. There are questions of law or fact common to the class;

"3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
"4. The representative parties will fairly and adequately protect the interests of the class."

tained in § 2023(B).[6] *Black Hawk v. Exxon*, 1998 OK 70, ¶ 12, 969 P.2d 337, 343. The issue before this Court is not whether the trial court could have certified a class, but whether the trial court abused its discretion in denying certification. *KMC Leasing, Inc. v. Rockwell–Standard Corp.*, 2000 OK 51, ¶ 9, 9 P.3d 683, 688. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. *KMC Leasing, Inc.*, 2000 OK 51, ¶ 9, 9 P.3d at 688.

## VI. REQUEST FOR INJUNCTIVE OR DECLARATORY RELIEF

■ ¶ 13 In assessing the correctness of the general order of the trial court denying the Fents' motion for certification of a class action, we shall take as true all the uncontroverted allegations of the instruments in the record and the undenied statements of counsel in the briefs. *Mattoon*, 1981 OK 92, ¶ 11, 633 P.2d at 737–738. ONG's argument to the trial court concerning class certification was based on the Fents' claim not meeting the requirements of 12 O.S.1991, § 2023(A)(2) and (3), because the Corporation Commission's order specifically excluded the Fents. The trial court accordingly struck as moot the Fents' motion for class certification. The separate denial of the motion is, however, a general order denying certification. The class that the Fents requested be certified is very broad, and includes those who had, have

or may in the future have, claims against ONG. The Fents have apparently sought injunctive and declaratory relief to find a common claim with those who as yet have no claim for damages against ONG.

¶ 14 On March 9, 1999, this Court permitted the parties to submit additional arguments and authorities. In the Fents' brief filed April 2, 1999, the Fents note that they requested injunctive relief pursuant to 12 O.S.1991, § 2023(B)(2), which provides, "The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...." The Fents argue from their amended petition that ONG must be restrained and enjoined from taking future action with its gas meters and pipelines located upon private property that would damage the property. They claim that there are at least 140,202 prospective class members who are entitled to injunctive relief or corresponding declaratory relief.

¶ 15 However, the Fents' claim is not typical of those claims these other ONG customers may have. Unlike these potential litigants, the Fents have a matured claim because their gas meter has been removed and they have repaired their yard line. Their rights have been adjudicated because they have the holding of the Court of Civil Appeals that ONG clearly was responsible for the maintenance of the gas

---

**6.** Title 12 O.S.1991, § 2023(B) provides:

"CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subsection A of this section are satisfied and in addition:

1. The prosecution of separate actions by or against individual members of the class would create a risk of:

"a. inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

"b. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"2. The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final in-

junctive relief or corresponding declaratory relief with respect to the class as a whole; or

"3. The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

"a. the interest of members of the class in individually controlling the prosecution or defense of separate actions,

"b. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class,

"c. the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and

"d. the difficulties likely to be encountered in the management of a class action."

pipeline from its easement to the output side of the pipeline coming from the meter in the Fents' basement. *Fent I,* 1990 OK CIV APP 70, ¶ 7, 804 P.2d at 1148. The Fents need neither injunctive nor declaratory relief. Accordingly, there is ample support for the decision of the trial court that denies the Fents' motion for certification of the class because their claims and defenses are not typical of the claims and defenses of the proposed class. We find that the trial court did not abuse its discretion when it denied the motion of the Fents for class certification.

## VII. FENTS' MOTION TO CONSIDER PUBLIC ADMISSIONS AGAINST INTEREST

¶ 16 The Fents claim that ONG has appeared before the Corporation Commission in a third attempt to circumvent the appellate court decisions in this case. They submit that ONG has made a third party public admission against interest during that hearing that may be used against ONG on the issues of typicality of a yard line class existence, and ONG's liability to all the class members. ONG answers that in connection with a rate proceeding currently pending before the Commission, ONG requested a waiver from the Commission rules to allow ONG to gradually assume responsibility for, and ownership of, customer yard lines. The request was made in the context of a rate proceeding due to the high cost associated with the proposal. ONG asserts that on May 30, 2000, the Commission granted ONG's request for a waiver from the rules.

¶ 17 We answer that whether or not this attempt to take responsibility for customers' yard lines constitutes an admission that is admissible before this Court, such an admission would provide no help to the Fents' on their motion to certify such a broad class, as we have previously discussed. The motion is denied.

¶ 18 CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; ORDER OF THE DISTRICT COURT SUSTAINED. APPELLANTS' EVIDENTIARY MOTION IS DENIED.

HARGRAVE, C.J.; WATT, V.C.J.; HODGES, LAVENDER, KAUGER, and SUMMERS, JJ., concur.

OPALA, J., concurs in result.

BOUDREAU, J., disqualified.