OSCN Found Document:HOUSE v. VANCE FORD-LINCOLN-MERCURY, INC.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 HOUSE v. VANCE FORD-LINCOLN-MERCURY, INC.
2014 OK CIV APP 36
Case Number: 109314
Decided: 03/31/2014
Mandate Issued: 04/29/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 36, __ P.3d __

BRENDA HOUSE, an individual resident of Ottawa County, Oklahoma, 
Plaintiff/Appellant,
v.
VANCE FORD-LINCOLN-MERCURY, INC., an Oklahoma 
Corporation; and FORD MOTOR CREDIT COMPANY, L.L.C., a foreign limited liability 
company, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OTTAWA COUNTY, OKLAHOMA
HONORABLE ROBERT G. HANEY, TRIAL JUDGE

AFFIRMED

James W. Dunham, Jr., JAMES W. DUNHAM, JR., P.C., Tulsa, Oklahoma, for 
Plaintiff/Appellant,
Chris Harper, Phillip P. Owens, II, CHRIS HARPER, INC., 
Edmond, Oklahoma, for Defendant/Appellee, Vance Ford-Lincoln-Mercury, 
Inc.,
Harvey D. Ellis, Jr., John M. Thompson, CROWE & DUNLEVY, P.C., 
Oklahoma City, Oklahoma, for Defendant/Appellee Ford Motor Credit Company, 
L.L.C.


Wm. C. Hetherington, Jr., Vice-Chief Judge:
¶1 Brenda House (House) appeals a trial court order denying her motion to 
vacate an arbitration award and granting counter motions by Vance 
Ford-Lincoln-Mercury Inc. (Vance) and Ford Motor Credit Company, LLC (Ford) to 
confirm the arbitration award. She also appeals the trial court's order which 
sent the parties' controversy to arbitration, claiming she was denied due 
process by the trial court's refusal to conduct an evidentiary hearing. The 
orders of the trial court ordering the controversy to arbitration and affirming 
the arbitrator's award are AFFIRMED.
FACTS AND PROCEDURE
¶2 House purchased a 2008 Ford F-150 crew cab with a Harley Davidson limited 
edition package, from Vance on May 18, 2009. She executed an Oklahoma Simple 
Interest Vehicle Retail Installment Contract (the Contract), note and security 
agreement, all of which are held by Ford. The Contract lists the vehicle as new 
but also states its mileage as 21,421 at the time of her purchase. The cash 
price for the 2008 truck was $43,630.00. As part of the transaction, House 
received $6,200 credit for a 1998 Ford F-150 trade-in and a $500 rebate was 
applied as a part of the down payment. She received "new car" 1.9% financing 
with Ford and a check from Vance for $500 for "TT&L" (tag, title, and lien 
entry expenses).
¶3 The first page of the Contract contains the following statement: "YOU 
ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION 
PROVISION ON THE REVERSE SIDE OF THIS CONTRACT." (Emphasis in original.) The 
arbitration provision on the reverse of the contract lists, inter alia, 
various rights given up, such as the right to trial,[1] and others not given up, including the 
right to request a court to review whether an arbitrator "exceeded its 
authority," and advises it is subject to "the Federal Arbitration Act (9 
U.S.C. § 1 et. seq.) and the Federal Rules of Evidence." (Underlining in 
original.)
¶4 House filed suit against Vance and Ford (collectively, Appellees) on 
December 7, 2010, and amended her petition on December 10, 2010, raising claims 
for breach of contract, common law fraud, statutory fraud, deceit, and Oklahoma 
Consumer Protection Act violations. All of her claims are premised, in whole or 
in part, on the classification of the truck as "new" or used, representations 
the truck's mileage was the result of its use as a demonstration vehicle and by 
a sales manager, and the non-disclosure of a prior sale to another consumer.
¶5 Following motions to compel arbitration by Appellees, House responded, 
arguing fraud was a threshold issue for resolution prior to arbitration. The 
trial court entered a March 4, 2011 Order compelling arbitration and staying the 
trial court proceedings until the conclusion of the arbitration proceedings.
¶6 House filed a Petition in Error on April 1, 2011, in which she argued she 
was denied due process by the trial court's refusal to afford her an evidentiary 
hearing on fraud in the inducement and questioning whether Appellees' motions to 
compel arbitration were sufficient. In a notarized Narrative Statement filed 
April 5, 2011, House states, inter alia, that at a regularly scheduled 
Motion Docket on March 4, 2011, after the trial court stated the parties were 
going to arbitration, she requested an evidentiary hearing on the issue of fraud 
in the inducement and asked the trial court's leave to present argument, and the 
trial court "stated that counsel was free to do so, but that it would 'not make 
any difference.'" Her counsel then cited Hai v. Baptist Healthcare of 
Oklahoma, Inc., 2010 OK CIV APP 
3, 230 P.3d 914, described 
the case as holding "where fraud in the inducement is properly pled, a plaintiff 
is entitled to an evidentiary hearing of that issue before being compelled to 
arbitrate," and reiterated she moved for such a hearing. The trial court stated, 
"You are going to arbitration," and concluded the hearing.
¶7 House filed an Application for Stay of Arbitration Pending Appeal and for 
Expedited Ruling on Hearing with the Oklahoma Supreme Court on April 11, 2011. 
The Court issued an April 12, 2011 order advising her the motion would not be 
considered until she had presented the motion to the trial court and the trial 
court had ruled upon it. House filed a motion in the trial court on April 12, 
2011, seeking to stay the arbitration pending appeal or for an expedited ruling 
or hearing. An April 13, 2011 Order of the trial court denies that motion.
¶8 The Oklahoma Supreme Court granted House's Application for an Emergency 
Stay of the arbitration process in an April 14, 2011 Order. Appellees filed a 
joint response to the motion to stay, arguing Appellant failed to meet the 
criteria under Okla.Sup.Ct. R. 1.15(c)(2) for such a stay. After denying a 
request by Appellant to file a reply, the Oklahoma Supreme Court denied 
Appellant's request for a stay pending appeal, citing Rule 1.15, on May 4, 2011. 
The Court then issued a May 9, 2011 Order memorializing the denial of the 
application and, citing Rogers v. Dell Computer Corporation, 2005 OK 51, 138 P.3d 826 and 12 O.S.Supp.2006 § 1857(c), stating 
the "April 14, 2011 stay order is dissolved."
¶9 An arbitration award was entered in December of 2011. The trial court 
denied House's motion to vacate the award and granted separate motions by 
Appellees to confirm the award in an April 6, 2012 Order. The 7-page arbitration 
award, signed on December 6, 2011, is attached as Exhibit A to the April 6, 2012 
Order. The arbitrator finds the evidence did not support a conclusion House was 
injured by Vance's non-disclosure of the prior transaction, there was no 
evidence of misuse of the truck prior to the sale to House, and she had no 
problems with the truck during the approximately 30 months she had used the 
truck.[2] In the 
award, the arbitrator finds in favor of Vance and Ford, grants no relief or 
award to House, orders the parties to bear their own respective attorney fees 
and costs, and assesses $1,275.00 in American Arbitration Association fees and 
expenses and $9,463.80 for arbitrator compensation and expenses.
¶10 House filed an April 11, 2012 Supplemental Petition in Error in which she 
alleges the trial court erred by refusing to vacate the arbitrator's award 
because it fails to comply with the parties' arbitration agreement, the award 
exceeds the arbitrator's powers, and the award disregards Oklahoma law. She 
raises arguments going to the merits of the underlying transaction, such as 
Vance's claims regarding what it asserted were a failed sale, the truck's status 
as new or used, and the non-disclosure of earlier transaction. House argues the 
arbitration award does not qualify as the required "reasoned award," it contains 
"bare" conclusions, and it therefore is impermissible and outside of the 
arbitrator's powers. She further claims the award manifestly disregards 
applicable law and is subject to vacatur under the Federal Arbitration 
Act (FAA).
¶11 In an April 13, 2012 Order addressing deficiencies in the record, the 
Oklahoma Supreme Court notes briefing was previously completed in the appeal and 
House had filed a Supplemental Petition in Error. Among other things, the 
Court's order sets dates for various filings, and directs Appellees to respond 
to the Supplemental Petition in Error, directs House to "file a supplemental 
brief in chief, limited to the issues raised by the April 6, 2012 order," 
directs "Appellee" to file a supplemental answer brief, and allows House to file 
a reply brief. House, Vance, and Ford each filed supplemental appellate briefs 
within the time limits set by the Court's order.
THE APPEAL
¶12 We first address House's allegations regarding the trial court order 
compelling arbitration. She argues the parties' contract is governed by Oklahoma 
law and it was error to fail to conduct an evidentiary hearing on whether the 
contract was induced by fraud. She further contends the trial court failed to 
follow "proper procedure" in considering Ford's Motion to Compel Arbitration. 
Appellees argue factual concessions by House obviated the need for such a 
hearing.
¶13 House cites Shaffer v. Jeffrey, 1996 OK 47, 915 P.2d 910, as rejecting the 
severability doctrine of Prima Paint Corporation v. Flood Conklin 
Manufacturing Company, 388 U.S. 395, 404, 87 S. Ct. 1801 (1967) and as 
granting her a "clear right" to an evidentiary hearing on the issue of fraud in 
the inducement. Under that doctrine, fraud regarding the arbitration clause may 
be severed and considered separately from the remainder of a contract. We read 
Shaffer, which addressed an initial construction of § 802(A) of the 
Oklahoma Arbitration Act, 15 O.S. 1991 § 801- § 818, in light of subsequently 
developed law. In Rogers v. Dell Computer Corporation, 2005 OK 51, ¶ 13 - ¶ 14, 138 P.3d 826, 830, the Oklahoma 
Supreme Court states:

 
 In considering whether an arbitration provision is binding on the 
 parties, it is severed from the rest of the contract. A.T. Cross v. Royal 
 Selangor(s) PYE, Ltd., 217 F.Supp.2d 229, 233 (D.R.I. 2002).
 The court's role is to determine whether there is a valid, enforceable 
 agreement to arbitrate the dispute. Wilkinson v. Dean Witter Reynolds, 
 Inc., 1997 OK 20, ¶ 9, 933 P.2d 878, 880 (citing 
 Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 
 614, 626 (1985)); Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 
 680 (8th Cir. 2001). The existence of an arbitration agreement is governed 
 by principles of state law. Wilkinson, 1997 OK 20 at ¶ 9, 933 P.2d at 
 880. Because under the FAA this court cannot examine the validity of the 
 contract as a whole, Prima Paint,[3] 388 U.S. at 404, we must treat 
 the contract as valid when analyzing an arbitration provision. (Emphasis 
 added.)
In Hai, 2010 OK CIV APP 
3, ¶17, 230 P.3d at 919, the Court clearly states that "[u]nder the FAA, the 
question of the validity of the arbitration provision must be severed and 
considered separately. Prima Paint Corporation v. Flood & Conklin Mfg. 
Co., 388 U.S. 395, 404, 87 S.Ct. 1801, [1806], 18 L.Ed.2d 1270 (1967); 
Rogers, 2005 OK 51, ¶14, 
138 P.3d at 830." The severability doctrine applies.
¶14 House concedes the transaction affects interstate commerce and the FAA 
applies. Under both the express terms of the arbitration clause in the contract 
and House's admission, this dispute falls under the purview of the FAA. House's 
contentions she was fraudulently induced to make the contract by the fraud all 
relate to the truck itself, i.e., fraud as to the contract in 
toto, not fraud regarding the arbitration clause. Under the FAA, "attacks on 
the validity of the contract, as distinct from attacks on the validity of the 
arbitration clause itself, are to be resolved 'by the arbitrator in the first 
instance, not by a federal or state court.' Preston v. Ferrer, 552 U.S. 
346, 349 (2008); see also Prima Paint Corp. v. Flood & Conklin Mfg. 
Co., 388 U.S. 395 (1967)." Nitro-Lift Technologies, L.L.C. v. Howard, 
568 U.S. __ , 133 S.Ct. 500, 184 L.Ed.2d 328 (2012).
¶15 Whether the parties entered into a valid enforceable agreement to 
arbitrate their claims presents a question of law reviewed by a de novo 
standard. Rogers v. Dell Computer Corporation, 2005 OK 51, 138 P.3d 826. Review of a trial 
court's legal rulings is made without deference to the lower court. Gladstone 
v. Bartlesville Independent School District No. 30 (I-30), 2003 OK 30, ¶ 5, 66 P.3d 442, 446. The arbitration 
provision states it applies to claims "in contract, tort, regulatory or 
otherwise," "regarding the interpretation, scope, or validity of this clause, or 
arbitrability of any issue," "between you and us, your/our employees, agents, 
successors, assigns, subsidiaries, or affiliates," and "arising out of or 
relating to your application for credit, this contract, or any resulting 
transaction or relationship, including that with the dealer, or any such 
relationship with third parties who do not sign this contract." The terms of the 
arbitration clause cover disputes of the nature presented in this dispute and 
House challenges its applicability only on broad grounds as to the entire 
contract. Having considered separately the arbitration clause, we find it 
binding. Consequently, we discern no legal error in the trial court's order 
sending the parties' dispute to arbitration.
¶16 House also alleges that because the parties' agreement requires 
application of Oklahoma law, she is entitled to an evidentiary hearing under 
Oklahoma's Arbitration Act. To adopt the approach suggested by House would be to 
allow a state arbitration act to supercede and essentially nullify the FAA's 
limitations with respect to judicial review of an underlying contract. The 
suggested analysis recently was expressly rejected in Nitro-Lift as in 
contravention of prior United States Supreme Court decisions declaring the 
national policy favoring arbitration and as in contravention of U.S. Const., 
art. VI, cl. 2, because the FAA is "the supreme Law of the Land," 133 S.Ct. at 
503-504. In Hai, 2010 OK CIV 
APP 3, ¶ 17, 230 P.3d at 919, the Court notes:

 
 The United State Supreme Court when analyzing the law developed 
 subsequent to Prima, explicitly declared it had "rejected the view 
 that state law could bar enforcement of § 2, even in the context of 
 state-law claims brought in state court." Buckeye Check Cashing, Inc. v. 
 Cardegna, 546 U.S. 440, 445, 126 S.Ct. 1204, 1209, 163 L.Ed.2d 1038 
 (2006). The OUAA may not be applied here to negate application of the FAA, 
 including application of substantive law requiring severance of 
 consideration of the arbitration provision, as opposed to consideration of 
 the parties' entire agreement, in the face of allegations of fraud in the 
 inducement.
¶17 Further, as the Oklahoma Supreme Court reiterates in Harris v. David 
Stanley Chevrolet, Inc., 2012 OK ¶ 5, 273 P.3d at 878, although it may be a 
better policy to conduct such an evidentiary hearing "if the existence of an 
agreement to arbitrate is controverted," nevertheless, whether to grant an 
evidentiary hearing is within the trial court's discretion and its ruling "will 
not be disturbed absent an abuse of discretion."[4] "A court should permit arbitration 
'unless the court can say with 'positive assurance' the dispute is not covered 
by the arbitration clause.' City of Muskogee v. Martin, 1990 OK 70, ¶8, 796 P.2d 337, 340." Harris v. 
David Stanley Chevrolet, Inc., 2012 OK 9, ¶ 6, 273 P.3d 877, 879.
¶18 No abuse of discretion is demonstrated here and the parties' dispute is 
within the scope of the disputes covered by the arbitration clause. The trial 
court's order sending the dispute to arbitration will not be disturbed on 
appeal.
¶19 House alleges the trial court erred by failing to follow proper 
procedures under district court rules when handling the motion to compel 
arbitration and failing to grant her an evidentiary hearing. Appellees argue the 
motions seeking arbitration did not fail to comply with the district court 
rules[5] because 
no fact issues needing a verification were at issue and House effectively 
admitted the facts she contends required verification. The disputed facts she 
argues were "'core' issues for the trial court's determination" under Oklahoma 
law all concern fraud as to the contract as a whole and present issues 
for the arbitrator under the FAA, i.e., what she was told about the 
vehicle, was it represented as new or used, did she rely on representations, 
were representations true, and how the contract describes the truck. For the 
reasons previously stated, the analysis regarding an evidentiary hearing fails 
on this basis as well.
¶20 In the first proposition of her supplemental appellate brief, House 
argues the paper trail for the truck shows it was not new because it had been 
sold to and repossessed from another person. This alleged error speaks solely to 
the underlying factual dispute and merits of the arbitration award. House 
essentially invites re-adjudication of the facts during reviewing of the trial 
court's order.
¶21 In an arbitration, a party "trades the procedures and opportunity for 
review of the courtroom for the simplicity, informality, and expedition of 
arbitration." Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, 
473 U.S. 614, 628, 105 S.Ct. 3346, 3354 (1985).[6] "In reviewing an arbitrator's 
decision, the trial court must give the arbitrator great deference and 'cannot 
review the merits of the award, including any of the factual or legal findings.' 
Fraternal Order of Police, Lodge 142 v. City of Perkins, 2006 OK CIV APP 122, ¶ 4, 146 P.3d 829, 830 (citing City 
of Yukon v. International Ass'n of Firefighters, Local 2055, 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179)." City 
College, Inc. v. Moore Sorrento, LLC, 2010 OK CIV APP 127, ¶ 10, 246 P.3d 726, 730. The review House 
requests is beyond the scope of the applicable "highly deferential" standard of 
appellate review under the FAA, a standard which is "among the narrowest known 
to the law." ARW Exploration Corporation v. Aguirre, 45 F.3d 1455, 1462 
(10th Cir.1995). "'Thinly veiled attempts to obtain appellate review of an 
arbitrator's decision' . . . are not permitted under the FAA." Flexible 
Manufacturing Systems Pty., Ltd. v. Super Products Corporation, 86 F.3d 96, 
100 (C.A.7 (Wisc.) 1996) (quoting Gingiss International, In. v. Bormet, 
58 F.3d 328, 333 (C.A.7 (Ill.) 1995). We will not conduct the fact inquiry 
proposed in Proposition I of House's supplemental brief.
¶22 House argues the arbitration award should be vacated because it is not 
the "reasoned award" required under the parties' contract. She contends the 
award merely contains bare conclusions without any supporting legal authority, 
the award is in manifest disregard of applicable law, and, consequently, its 
rendering exceeds the authority of the arbitrator.
¶23 The FAA imposes a heavy presumption in favor of confirming an award, and 
provides for vacation in narrow circumstances. Wachovia Securities, LLC v. 
Vogel, 918 So.2d 1004, 1007 (Fla.App. 2 Dist., Jan 20, 2006); e.g., 
First Options of Chicago v. Kaplan, 514 U.S. 938, 942, 115 S.Ct. 
1920,1923, 131 L.Ed.2d 985 (1995) (vacatur should occur only in "very unusual 
circumstances"); Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 
380 (5th Cir.2004) (vacatur permitted only on narrow grounds); 9 U.S.C. § 
10.
¶24 "[A] reasoned award is something short of findings and conclusions but 
more than a simple result." Holden v. Deloitte & Touche LLP, 390 
F.Supp.2d 752, 780 (N.D.Ill.2005) (internal citations omitted). Sarofim v. 
Trust Company of The West, 440 F.3d 213, 215, n. 1 (C.A.5 (Tex.), 2006). In 
seven pages containing 27 numbered paragraphs, the arbitrator recites the 
history of the dispute, recounts facts elicited during hearing, describes the 
parties' contentions, finds a case cited by House distinguishable, and explains 
the rationale for the conclusions reached, including that House had not 
sustained damages. Although the award was more minimal than House would prefer, 
it nonetheless fulfills the terms of the parties' contract calling for a 
"reasoned award."
¶25 House also claims the award is subject to vacatur due to the arbitrator's 
"manifest disregard of the law," a non-statutory ground recognized by some 
jurisdictions in addition to the four grounds stated in the FAA.[7] In Advest v. McCarthy, 
914 F.2d 6, 9, n. 5 (1st Cir. 1990), the federal court explains that the origin 
of this ground "derives directly from dicta employed by the Court in Wilko v. 
Swan, 346 U.S. 427, 436-37, 74 S.Ct. 182, 187-88, 98 L.Ed. 168 (1953),"[8] and is 
judicially created.
¶26 As the federal court explains in Advest, Inc. v. McCarthy, 914 
F.2d 6, 8-9 (1st Cir. 1990), reversal based on the ground of "manifest disregard 
of the law" requires a challenger to show

 
 that the award is "(1) unfounded in reason and fact; (2) based on 
 reasoning so palpably faulty that no judge, or group of judges, ever could 
 conceivably have made such a ruling; or (3) mistakenly based on a crucial 
 assumption that is concededly a non-fact." Local 1445, United Food and 
 Commercial Workers v. Stop & Shop Cos., 776 F.2d 19, 21 (1st 
 Cir.1985); Bettencourt [v. Boston Edison Co., 560 F.2d 1045, 
 (1st Cir. (Mass.) 1977)], 560 F.2d at 1050.
¶27 The ground "manifest disregard of the law" is narrowly construed. 
Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 237-38 (1st Cir. 
1995). "The hurdle is a high one, especially since there is nothing talismanic 
about the phrase 'manifest disregard.'" 914 F.2d at 10. The Courts "do not sit 
to hear claims of factual or legal error by an arbitrator as an appellate court 
does in reviewing decisions of lower courts." United Paperworkers 
International Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 
L.Ed.2d 286 (1987). In Bowen v. Amoco Pipeline Co., 254 F.3d 925, (10th 
Cir. 2001), the Court explains:

 
 We have interpreted manifest disregard of the law to mean "willful 
 inattentiveness to the governing law." ARW Exploration Corp., 45 F.3d 
 at 1463[9] 
 (internal quotation marks omitted). Requiring more than error or 
 misunderstanding of the law, id., a finding of manifest disregard 
 means the record will show the arbitrators knew the law and explicitly 
 disregarded it, Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 
 240 (1st Cir.1995). (Footnote added.)
Accord, Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche 
Intern., Ltd., (C.A.2 (N.Y.) 1989), 888 F.2d 260 ("manifest disregard of the 
law" refers to error which is obvious and capable of being readily and instantly 
perceived by the average person qualified to serve as arbitrator and implies the 
arbitrator appreciated the existence of a clearly governing legal principle but 
decided to ignore it); Sheet Metal Workers' Intern. Ass'n, Local 15 AFL-CIO 
v. Law Fabrication, LLC, 459 F.Supp.2d 1236, (M.D.Fla. 2006), 
affirmed, 237 Fed.Appx. 543, 2007 WL 1821022 (manifest disregard of the 
law requires clear evidence that arbitrator was conscious of the law and 
deliberately ignored it and a showing that the arbitrator merely misinterpreted, 
misstated, or misapplied the law is insufficient); and U.S. ex rel. Watkins 
v. AIT Worldwide Logistics, Inc., 441 F.Supp.2d 762 (E.D.Va. 2006) (Party 
seeking to vacate based on manifest disregard of law is required to show that 
arbitrators were aware of law, understood it correctly, found it applicable to 
case before them, and yet chose to ignore it).
¶28 House's arguments premised on statutory definitions of "new" and "used" 
vehicles require a determination the statutes apply and were ignored. The 
arbitrator recounted Appellees' arguments the prior transaction had failed and 
found inapplicable statutes House contends were ignored. Vacatur is denied 
premised on the doctrine of manifest disregard of applicable law.[10]
CONCLUSION
¶29 The trial court's order sending the parties' dispute to arbitration is 
AFFIRMED. House's claimed errors which are premised upon re-adjudication of the 
underlying issues will not be entertained, she has failed to demonstrate 
entitlement to vacatur of the arbitrator's award upon other grounds alleged, and 
she has not shown the trial court abused its discretion or erred as to the law. 
The order confirming the arbitrator's award is AFFIRMED.

BUETTNER, Acting P.J., and GOREE, J. (sitting by designation), 
concur.

FOOTNOTES

[1] The 
arbitration provision states (emphasis in the original):
RIGHTS YOU AND WE AGREE TO GIVE UP
If either you or we choose to arbitrate a Claim, then you and we agree to 
waive the following rights;
RIGHT TO TRIAL, WHETHER BY A JUDGE OR JURY
RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY 
CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

[2] At the 
arbitration hearing, Appellees claimed the prior transaction was not completed 
because of problems with vehicles tendered by Texas resident Neal Quigley as 
trade-ins and a "bounced" down-payment check, which, they argue, resulted in him 
never legally owning the truck. The arbitrator notes designation of the truck as 
"new" was necessary for House to obtain "new car" financing interest rates so as 
to meet her monthly payment goal, and the mileage was disclosed and acknowledged 
by House.

[3] 
Prima Paint Corp. v. Flood & Conklin Manufacturing Company, 388 U.S. 
395, 404 (1967).

[4] House 
overstates the analysis in Hai by citing it as holding the trial court 
must grant her an evidentiary hearing. In Hai, the Court states, 
2010 OK CIV APP 3, ¶ 10, 230 P.3d 914, 918:
Whether the district court should conduct an evidentiary hearing relating to 
the existence of a valid enforceable arbitration agreement before referring the 
controversy to arbitration is a procedural question left to the discretion of 
the district court, and its ruling will not be disturbed on appeal in the 
absence of clear abuse of that discretion. Oklahoma Oncology & Hematology 
P.C. v. US Oncology, Inc., 2007 
OK 12, 160 P.3d 936. An 
abuse of discretion occurs when the court bases its decision on an erroneous 
conclusion of law or when there is no rational basis in the evidence for a 
ruling. Fent v. Oklahoma Natural Gas Company, 2001 OK 35, 27 P.3d 477. "In order to determine 
whether there was an abuse of discretion, a review of the facts and the law is 
essential." Board of Regents of University of Oklahoma v. National Collegiate 
Athletic Association, 1977 OK 
17, ¶3, 561 P.2d 499, 
502.

[5] 
Specifically, House contends a verified statement was required by Rules for 
District Courts of Oklahoma, Rule 4(c), which provides: "Motions raising fact 
issues shall be verified by a person having knowledge of the facts, if possible; 
otherwise, a verified statement by counsel of what the proof will show will 
suffice until a hearing or stipulation can be provided."

[6] See 
generally Wilbanks Securities, Inc. v. McFarland, 2010 OK CIV APP 17, ¶ 9, 231 P.3d 714, 719, citing Brown 
v. Coleman Co., 220 F.3d 1180, 1182 (10th Cir.2000), quoting Gilmer v. 
Interstate/Johnson Lane Corporation, 500 U.S. 20, 31, 111 S.Ct. 1647, 1654, 
114 L.Ed.2d 26 (1991), quoting Mitsubishi for this precept.

[7] The 
four statutory grounds for vacating an arbitration award found at 9 U.S.C. § 
10(a) are:
(1) where the award was procured by corruption, fraud, or undue means;
(2) 
where there was evident partiality or corruption in the arbitrators, or either 
of them;
(3) where the arbitrators were guilty of misconduct in refusing to 
postpone the hearing, upon sufficient cause shown, or in refusing to hear 
evidence pertinent and material to the controversy; or of any other misbehavior 
by which the rights of any party have been prejudiced; or
(4) where the 
arbitrators exceeded their powers, or so imperfectly executed them that a 
mutual, final, and definite award upon the subject matter submitted was not 
made.

[8] 
Wilco is overruled on other grounds by Rodríguez de Quijas v. 
Shearson/American Express, Inc., 490 U.S. 477, 484-85, 109 S.Ct. 1917, 
1921-22, 104 L.Ed.2d 526 (1989).

[9] ARW 
Exploration Corporation v. Aguirre, 45 F.3d 1455 (10th Cir.1995).

[10] 
House did not show a right to vacatur on this judicially-created ground. 
Consequently, we need not determine if the judicially-created exception survived 
in the wake of Hall Street Associates LLC v. Mattel, Inc., 552 U.S. 576, 
128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008), in which the Supreme Court held 
the grounds set forth in 9 U.S.C. § 10 are the exclusive means to vacate an 
arbitration award.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2006 OK CIV APP 122, 146 P.3d 829, FRATERNAL ORDER OF POLICE v. CITY OF PERKINS
Discussed 2010 OK CIV APP 3, 230 P.3d 914, HAI v. BAPTIST HEALTHCARE OF OKLAHOMA, INC.
Discussed at Length 2010 OK CIV APP 17, 231 P.3d 714, WILBANKS SECURITIES, INC. v. MCFARLAND
Discussed 2010 OK CIV APP 127, 246 P.3d 726, CITY COLLEGE, INC. v. MOORE SORRENTO, LLC
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1990 OK 48, 792 P.2d 1176, 61 OBJ 1473, City of Yukon v. International Ass'n of Firefighters, Local 2055
Discussed 1990 OK 70, 796 P.2d 337, 61 OBJ 1928, City of Muskogee v. Martin
Discussed 1997 OK 20, 933 P.2d 878, 68 OBJ 786, Wilkinson v. Dean Witter Reynolds, Inc.
Discussed at Length 2001 OK 35, 27 P.3d 477, 72 OBJ 1185, FENT v. OKLAHOMA NATURAL GAS, CO.
Discussed 2003 OK 30, 66 P.3d 442, GLADSTONE v. BARTLESVILLE INDEPENDENT SCHOOL DISTRICT NO. 30
Discussed 2005 OK 51, 138 P.3d 826, ROGERS v. DELL COMPUTER CORPORATION
Discussed at Length 1996 OK 47, 915 P.2d 910, 67 OBJ 1193, Shaffer v. Jeffery
Discussed 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed 2012 OK 9, 273 P.3d 877, HARRIS v. DAVID STANLEY CHEVROLET, INC.
Discussed 1977 OK 17, 561 P.2d 499, BD. OF REGENTS, ETC. v. NAT. COLLEGIATE ATH. ASS'N
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1857, Enforceability, Interpretation of Arbitration Agreements - Arbitration Proceeding During Dispute Over Agreement
Cited