2012 OK 9

**Marlene HARRIS, Plaintiff/Appellee,**

v.

**DAVID STANLEY CHEVROLET, INC., Defendant/Appellant,**

and

**Hartford Insurance Company and Safe–Guard Products International, L.L.C., Defendants.**

No. 109,146.

Supreme Court of Oklahoma.

Feb. 7, 2012.

Mickey Walsh, Jerry Fraley, Derek Fransen, Beeler, Walsh & Walsh, P.L.L.C., Vanessa R. Bentwood, Musser Kouri Bentwood & Grant, Oklahoma City, OK, for Plaintiff/Appellee.

James L. Gibbs, II, Goolsby, Procter, Heefner & Gibbs, P.C., Oklahoma City, OK, for Defendant/Appellant.

COMBS, J.

¶ 1 Marlene Harris (Harris) requests review of the opinion of the Oklahoma Court of Civil Appeals which overruled the trial court's "Motion to Compel Arbitration, Stay of Proceeding and Request for Evidentiary Hearing and Supporting Brief." We find the Court of Civil Appeals misinterpreted the standard of review and thus erred in reversing and remanding this matter for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On August 20, 2005, Harris purchased a 2005 Chevrolet Monte Carlo from David Stanley Chevrolet, Inc. (David Stanley). The purchase agreement contained an arbitration provision that applied to any "controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related to this sale or transaction, including but not limited to, any and all issues or disputes arising as a result of this sale or transaction whether said issues arise prior to, during or subsequent to the sale or attempted sale of a vehicle." On August 23, 2005, Harris entered into a GAP Insurance contract[1] with Safe–Guard Products International, L.L.C. (Safe–Guard) sold to her by an employee of David Stanley acting as an agent for Safe–Guard. On August 26, 2009, the vehicle suffered a total loss. Safe–Guard refused to pay the total difference between the insurance proceeds and the amount owed on the car.

¶ 3 Harris maintained that the purchase of the vehicle and the purchase of the policy were separate transactions. Harris argued, since they were separate transactions, the

arbitration clause of the purchase contract was inapplicable to the underpayment of coverage (GAP coverage). Harris argued no claim was brought against Safe–Guard which was related to the sale or financing of the vehicle, conceding the arbitration clause would apply to claims related to the sale or financing issues. Harris argues the vehicle valuation utilized by Hartford, and the underpayment of the claim by Safe–Guard, was inapplicable to the arbitration clause of the purchase contract. After reviewing the motions of the parties, the trial court denied David Stanley's Motion to Compel arbitration without an evidentiary hearing.

¶ 4 The Court of Civil Appeals reversed the trial court finding Oklahoma policy favors the use of arbitration to resolve disputes. The Court of Civil Appeals also held, under Rule 4(c) of the Rules for District Courts, 12 O.S. Supp.2010, Ch. 2, App., a hearing would be preferred as they accepted David Stanley's argument that controverted facts existed as to whether the arbitration agreement extended to the GAP policy.

## STANDARD OF REVIEW

¶ 5 The trial court's decision to grant an evidentiary hearing on a motion to compel arbitration is within the discretion of the trial court. In *Rogers v. Dell Computer Corp.*, 2005 OK 51, ¶ 17, 138 P.3d 826, 830, we stated with regard to a request for a hearing on a motion to arbitrate:

Either party may request a hearing. The decision to grant a hearing will be in the discretion of the district court. However, if the existence of an agreement to arbitrate is controverted, then the better procedure is for the district court to conduct an evidentiary hearing before entering an order. *(citations omitted)*

The trial court's ruling thereon will not be disturbed on appeal absent an abuse of discretion. *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶ 19, 160 P.3d 936, 944.

1. GAP insurance is generally described as that type of coverage which will pay or waive the difference between the unpaid net balance of the debt less the actual cash value of the vehicle in the event of a total loss.

## OKLAHOMA PRINCIPLES OF ARBITRATION

¶ 6 Arbitration is designed "to preclude court intervention into the merits of disputes when arbitration has been provided for contractually." *Voss v. City of Oklahoma City,* 1980 OK 148, ¶ 5, 618 P.2d 925, 928. A person seeking to compel arbitration "must present a statement of law and facts showing an enforceable agreement to arbitrate the issues present in the petition." *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 16, 138 P.3d 826, 830. A court should permit arbitration "unless the court can say with 'positive assurance' the dispute is not covered by the arbitration clause." *City of Muskogee v. Martin,* 1990 OK 70, ¶ 8, 796 P.2d 337, 340.

¶ 7 In the present matter, it must be shown that the arbitration clause applies to the issue of underpayment of insurance coverage in the policy. If this cannot be shown, the Court will not impose arbitration upon the parties. See, *Oklahoma Oncology and Hematology P.C. v. U.S. Oncology, Inc.,* 2007 OK 12, ¶ 22, 160 P.3d 936, 944, *citing Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), which held that "arbitration is a matter of consent, not coercion." Additionally, "[a]rbitration is not a forum to rewrite the contract terms for the benefit of another party." *Oklahoma Oncology and Hematology P.C. v. U.S. Oncology, Inc.,* 2007 OK 12, ¶ 30, 160 P.3d 936, 942.

¶ 8 The arbitration clause at issue herein provided that it would be arbitrated in accordance with the Federal Arbitration Act (FAA).[2] Under the FAA, an arbitration provision in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C., § 2. The United State Supreme Court has held "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985), through the use of "general state-law principles of contract interpretation." *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 475, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

¶ 9 The trial court, viewing the purchase agreement and the insurance contract executed three days after the purchase of the car, determined there was no continuity of contract. The contract for the sale of the vehicle refers to "this sale or transaction, including but not limited to any and all issues or disputes arising as a result of this sale or transaction." There is nothing in this language indicating the future purchase of "GAP" insurance. It is uncontroverted that the two contracts involve two separate subjects, executed on different dates, and the arbitration clause in the purchase agreement does not mention or reference GAP insurance or any relationship between the two contracts. The trial court did not abuse its discretion in denying the evidentiary hearing and ruling that the arbitration clause did not apply as a matter of law.

¶ 10 CONCUR: TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, REIF, COMBS, GURICH, JJ.

¶ 11 DISSENT: WINCHESTER, EDMONDSON, JJ.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; RULING OF THE TRIAL COURT AFFIRMED.**

---

2. Neither party suggests that strict adherence to the FAA is necessary. In fact, David Stanley noted that the FAA and the Oklahoma Uniform Arbitration Act (OUAA) stand for the same principles at issue.