2014 OK CIV APP 36

Brenda HOUSE, an individual resident of Ottawa County, Oklahoma, Plaintiff/Appellant,

v.

VANCE FORD–LINCOLN–MERCURY, INC., an Oklahoma Corporation; and Ford Motor Credit Company, L.L.C., a foreign limited liability company, Defendants/Appellees.

No. 109314.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 31, 2014.

James W. Dunham, Jr., James W. Dunham, Jr., P.C., Tulsa, Oklahoma, for Plaintiff/Appellant.

Chris Harper, Phillip P. Owens, II, Chris Harper, Inc., Edmond, Oklahoma, for Defendant/Appellee, Vance Ford–Lincoln–Mercury, Inc.

Harvey D. Ellis, Jr., John M. Thompson, Crowe & Dunlevy, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee Ford Motor Credit Company, L.L.C.

WM. C. HETHERINGTON, JR., Vice–Chief Judge:

¶ 1 Brenda House (House) appeals a trial court order denying her motion to vacate an arbitration award and granting counter motions by Vance Ford–Lincoln–Mercury Inc. (Vance) and Ford Motor Credit Company, LLC (Ford) to confirm the arbitration award. She also appeals the trial court's order which sent the parties' controversy to arbitration, claiming she was denied due process by the trial court's refusal to conduct an evidentiary hearing. The orders of the trial court ordering the controversy to arbitration and affirming the arbitrator's award are AFFIRMED.

## FACTS AND PROCEDURE

¶ 2 House purchased a 2008 Ford F–150 crew cab with a Harley Davidson limited edition package, from Vance on May 18, 2009. She executed an Oklahoma Simple Interest Vehicle Retail Installment Contract (the Contract), note and security agreement, all of which are held by Ford. The Contract lists the vehicle as new but also states its mileage as 21,421 at the time of her purchase. The cash price for the 2008 truck was $43,630.00. As part of the transaction, House received $6,200 credit for a 1998 Ford F–150 trade-in and a $500 rebate was applied as a part of the down payment. She received "new car" 1.9% financing with Ford and a check from Vance for $500 for "TT & L" (tag, title, and lien entry expenses).

¶ 3 The first page of the Contract contains the following statement: "**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBI-**

TRATION PROVISION ON THE RE-VERSE SIDE OF THIS CONTRACT." (Emphasis in original.) The arbitration provision on the reverse of the contract lists, *inter alia,* various rights given up, such as the right to trial,[1] and others not given up, including the right to request a court to review whether an arbitrator "exceeded its authority," and advises it is subject to "the *Federal Arbitration Act (9 U.S.C. § 1 et seq.)* and the Federal Rules of Evidence." (Underlining in original.)

¶ 4 House filed suit against Vance and Ford (collectively, Appellees) on December 7, 2010, and amended her petition on December 10, 2010, raising claims for breach of contract, common law fraud, statutory fraud, deceit, and Oklahoma Consumer Protection Act violations. All of her claims are premised, in whole or in part, on the classification of the truck as "new" or used, representations the truck's mileage was the result of its use as a demonstration vehicle and by a sales manager, and the non-disclosure of a prior sale to another consumer.

¶ 5 Following motions to compel arbitration by Appellees, House responded, arguing fraud was a threshold issue for resolution prior to arbitration. The trial court entered a March 4, 2011 Order compelling arbitration and staying the trial court proceedings until the conclusion of the arbitration proceedings.

¶ 6 House filed a Petition in Error on April 1, 2011, in which she argued she was denied due process by the trial court's refusal to afford her an evidentiary hearing on fraud in the inducement and questioning whether Appellees' motions to compel arbitration were sufficient. In a notarized Narrative Statement filed April 5, 2011, House states, *inter alia,* that at a regularly scheduled Motion Docket on March 4, 2011, after the trial court stated the parties were going to arbitration,

she requested an evidentiary hearing on the issue of fraud in the inducement and asked the trial court's leave to present argument, and the trial court "stated that counsel was free to do so, but that it would 'not make any difference.'" Her counsel then cited *Hai v. Baptist Healthcare of Oklahoma, Inc.,* 2010 OK. CIV APP 3, 230 P.3d 914, described the case as holding "where fraud in the inducement is properly pled, a plaintiff is entitled to an evidentiary hearing of that issue before being compelled to arbitrate," and reiterated she moved for such a hearing. The trial court stated, "You are going to arbitration," and concluded the hearing.

¶ 7 House filed an Application for Stay of Arbitration Pending Appeal and for Expedited Ruling on Hearing with the Oklahoma Supreme Court on April 11, 2011. The Court issued an April 12, 2011 order advising her the motion would not be considered until she had presented the motion to the trial court and the trial court had ruled upon it. House filed a motion in the trial court on April 12, 2011, seeking to stay the arbitration pending appeal or for an expedited ruling or hearing. An April 13, 2011 Order of the trial court denies that motion.

¶ 8 The Oklahoma Supreme Court granted House's Application for an Emergency Stay of the arbitration process in an April 14, 2011 Order. Appellees filed a joint response to the motion to stay, arguing Appellant failed to meet the criteria under Okla.Sup.Ct. R. 1.15(c)(2) for such a stay. After denying a request by Appellant to file a reply, the Oklahoma Supreme Court denied Appellant's request for a stay pending appeal, citing Rule 1.15, on May 4, 2011. The Court then issued a May 9, 2011 Order memorializing the denial of the application and, citing *Rogers v. Dell Computer Corporation,* 2005 OK 51, 138 P.3d 826 and 12 O.S.Supp.2006

---

1. The arbitration provision states (emphasis in the original):

   ***RIGHTS YOU AND WE AGREE TO GIVE UP***
   If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights;
   **RIGHT TO TRIAL, WHETHER BY A JUDGE OR JURY**
   **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEM-BER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST U.S. WHETHER IN COURT OR IN ARBITRATION**
   **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
   **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
   **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

§ 1857(C), stating the "April 14, 2011 stay order is dissolved."

¶ 9 An arbitration award was entered in December of 2011. The trial court denied House's motion to vacate the award and granted separate motions by Appellees to confirm the award in an April 6, 2012 Order. The 7–page arbitration award, signed on December 6, 2011, is attached as Exhibit A to the April 6, 2012 Order. The arbitrator finds the evidence did not support a conclusion House was injured by Vance's non-disclosure of the prior transaction, there was no evidence of misuse of the truck prior to the sale to House, and she had no problems with the truck during the approximately 30 months she had used the truck.[2] In the award, the arbitrator finds in favor of Vance and Ford, grants no relief or award to House, orders the parties to bear their own respective attorney fees and costs, and assesses $1,275.00 in American Arbitration Association fees and expenses and $9,463.80 for arbitrator compensation and expenses.

¶ 10 House filed an April 11, 2012 Supplemental Petition in Error in which she alleges the trial court erred by refusing to vacate the arbitrator's award because it fails to comply with the parties' arbitration agreement, the award exceeds the arbitrator's powers, and the award disregards Oklahoma law. She raises arguments going to the merits of the underlying transaction, such as Vance's claims regarding what it asserted were a failed sale, the truck's status as new or used, and the non-disclosure of earlier transaction. House argues the arbitration award does not qualify as the required "reasoned award," it contains "bare" conclusions, and it therefore is impermissible and outside of the arbitrator's powers. She further claims the award manifestly disregards applicable law and is subject to *vacatur* under the Federal Arbitration Act (FAA).

¶ 11 In an April 13, 2012 Order addressing deficiencies in the record, the Oklahoma Supreme Court notes briefing was previously completed in the appeal and House had filed a Supplemental Petition in Error. Among other things, the Court's order sets dates for various filings, and directs Appellees to respond to the Supplemental Petition in Error, directs House to "file a supplemental brief in chief, limited to the issues raised by the April 6, 2012 order," directs "Appellee" to file a supplemental answer brief, and allows House to file a reply brief. House, Vance, and Ford each filed supplemental appellate briefs within the time limits set by the Court's order.

## THE APPEAL

■ ¶ 12 We first address House's allegations regarding the trial court order compelling arbitration. She argues the parties' contract is governed by Oklahoma law and it was error to fail to conduct an evidentiary hearing on whether the contract was induced by fraud. She further contends the trial court failed to follow "proper procedure" in considering Ford's Motion to Compel Arbitration. Appellees argue factual concessions by House obviated the need for such a hearing.

¶ 13 House cites *Shaffer v. Jeffery*, 1996 OK 47, 915 P.2d 910, as rejecting the severability doctrine of *Prima Paint Corporation v. Flood Conklin Manufacturing Company*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) and as granting her a "clear right" to an evidentiary hearing on the issue of fraud in the inducement. Under that doctrine, fraud regarding the arbitration clause may be severed and considered separately from the remainder of a contract. We read *Shaffer*, which addressed an initial construction of § 802(A) of the Oklahoma Arbitration Act, 15 O.S.1991 § 801–§ 818, in light of subsequently developed law. In *Rogers v. Dell Computer Corporation*, 2005 OK 51, ¶ 13–¶ 14, 138 P.3d 826, 830, the Oklahoma Supreme Court states:

> In considering whether an arbitration provision is binding on the parties, it is sev-

---

2. At the arbitration hearing, Appellees claimed the prior transaction was not completed because of problems with vehicles tendered by Texas resident Neal Quigley as trade-ins and a "bounced" down-payment check, which, they argue, resulted in him never legally owning the truck. The arbitrator notes designation of the truck as "new" was necessary for House to obtain "new car" financing interest rates so as to meet her monthly payment goal, and the mileage was disclosed and acknowledged by House.

ered from the rest of the contract. *A.T. Cross v. Royal Selangor(s) PTE, Ltd.*, 217 F.Supp.2d 229, 233 (D.R.I.2002).

The court's role is to determine whether there is a valid, enforceable agreement to arbitrate the dispute. *Wilkinson v. Dean Witter Reynolds, Inc.*, 1997 OK 20, ¶ 9, 933 P.2d 878, 880 (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 [105 S.Ct. 3346, 87 L.Ed.2d 444] (1985)); *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir.2001). The existence of an arbitration agreement is governed by principles of state law. *Wilkinson*, 1997 OK 20 at ¶ 9, 933 P.2d at 880. Because under the FAA this court cannot examine the validity of the contract as a whole, *Prima Paint*,[3] 388 U.S. at 404 [87 S.Ct. 1801], *we must treat the contract as valid when analyzing an arbitration provision.* (Emphasis added.) In *Hai*, 2010 OK CIV APP 3, ¶ 17, 230 P.3d at 919, the Court clearly states that "[u]nder the FAA, the question of the validity of the arbitration provision must be severed and considered separately. *Prima Paint Corporation v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, [1806], 18 L.Ed.2d 1270 (1967); *Rogers*, 2005 OK 51, ¶ 14, 138 P.3d at 830." The severability doctrine applies.

■ ¶ 14 House concedes the transaction affects interstate commerce and the FAA applies. Under both the express terms of the arbitration clause in the contract and House's admission, this dispute falls under the purview of the FAA. House's contentions she was fraudulently induced to make the contract by the fraud all relate to the truck itself, *i.e.*, fraud as to the contract *in toto*, not fraud regarding the arbitration clause. Under the FAA, "attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved 'by the arbitrator in the first instance, not by a federal or state court.' *Preston v. Ferrer*, 552 U.S. 346, 349, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008); see also *Prima Paint Corp. v. Flood & Conklin Mfg.*

*Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)." *Nitro–Lift Technologies, L.L.C. v. Howard*, 568 U.S. ——, 133 S.Ct. 500, 184 L.Ed.2d 328 (2012).

■ ¶ 15 Whether the parties entered into a valid enforceable agreement to arbitrate their claims presents a question of law reviewed by a *de novo* standard. *Rogers v. Dell Computer Corporation*, 2005 OK 51, 138 P.3d 826. Review of a trial court's legal rulings is made without deference to the lower court. *Gladstone v. Bartlesville Independent School District No. 30 (I–30)*, 2003 OK 30, ¶ 5, 66 P.3d 442, 446. The arbitration provision states it applies to claims "in contract, tort, regulatory or otherwise," "regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue," "between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates," and "arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract." The terms of the arbitration clause cover disputes of the nature presented in this dispute and House challenges its applicability only on broad grounds as to the entire contract. Having considered separately the arbitration clause, we find it binding. Consequently, we discern no legal error in the trial court's order sending the parties' dispute to arbitration.

■ ¶ 16 House also alleges that because the parties' agreement requires application of Oklahoma law, she is entitled to an evidentiary hearing under Oklahoma's Arbitration Act. To adopt the approach suggested by House would be to allow a state arbitration act to supercede and essentially nullify the FAA's limitations with respect to judicial review of an underlying contract. The suggested analysis recently was expressly rejected in *Nitro–Lift* as in contravention of prior United States Supreme Court decisions declaring the national policy favoring arbitration and as in contravention of U.S. Const., art. VI, cl. 2, because the FAA is "the su-

---

**3.** *Prima Paint Corp. v. Flood & Conklin Manufacturing Company*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

preme Law of the Land," 133 S.Ct. at 503–504. In *Hai*, 2010 OK CIV APP 3, ¶ 17, 230 P.3d at 919, the Court notes:

> The United State Supreme Court when analyzing the law developed subsequent to *Prima*, explicitly declared it had "rejected the view that state law could bar enforcement of § 2, even in the context of state-law claims brought in state court." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S.Ct. 1204, 1209, 163 L.Ed.2d 1038 (2006). The OUAA may not be applied here to negate application of the FAA, including application of substantive law requiring severance of consideration of the arbitration provision, as opposed to consideration of the parties' entire agreement, in the face of allegations of fraud in the inducement.

■ ¶ 17 Further, as the Oklahoma Supreme Court reiterates in *Harris v. David Stanley Chevrolet, Inc.*, 2012 OK 9, ¶ 5, 273 P.3d at 878, although it may be a better policy to conduct such an evidentiary hearing "if the existence of an agreement to arbitrate is controverted," nevertheless, whether to grant an evidentiary hearing is within the trial court's discretion and its ruling "will not be disturbed absent an abuse of discretion." [4] "A court should permit arbitration 'unless the court can say with 'positive assurance' the dispute is not covered by the arbitration clause.' *City of Muskogee v. Martin*, 1990 OK 70, ¶ 8, 796 P.2d 337, 340." *Harris v. David Stanley Chevrolet, Inc.*, 2012 OK 9, ¶ 6, 273 P.3d 877, 879.

¶ 18 No abuse of discretion is demonstrated here and the parties' dispute is within the scope of the disputes covered by the arbitration clause. The trial court's order sending the dispute to arbitration will not be disturbed on appeal.

¶ 19 House alleges the trial court erred by failing to follow proper procedures under district court rules when handling the motion to compel arbitration and failing to grant her an evidentiary hearing. Appellees argue the motions seeking arbitration did not fail to comply with the district court rules [5] because no fact issues needing a verification were at issue and House effectively admitted the facts she contends required verification. The disputed facts she argues were " 'core' issues for the trial court's determination" under Oklahoma law all concern fraud *as to the contract as a whole* and present issues for the arbitrator under the FAA, *i.e.*, what she was told about the vehicle, was it represented as new or used, did she rely on representations, were representations true, and how the contract describes the truck. For the reasons previously stated, the analysis regarding an evidentiary hearing fails on this basis as well.

■ ¶ 20 In the first proposition of her supplemental appellate brief, House argues the paper trail for the truck shows it was not new because it had been sold to and repossessed from another person. This alleged error speaks solely to the underlying factual dispute and merits of the arbitration award. House essentially invites re-adjudication of the facts during reviewing of the trial court's order.

---

4. House overstates the analysis in *Hai* by citing it as holding the trial court *must* grant her an evidentiary hearing. In *Hai*, the Court states, 2010 OK CIV APP 3, ¶ 10, 230 P.3d 914, 918:

> Whether the district court should conduct an evidentiary hearing relating to the existence of a valid enforceable arbitration agreement before referring the controversy to arbitration is a procedural question left to the discretion of the district court, and its ruling will not be disturbed on appeal in the absence of clear abuse of that discretion. *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, 160 P.3d 936. An abuse of discretion occurs when the court bases its decision on an erroneous conclusion of law or when there is

no rational basis in the evidence for a ruling. *Fent v. Oklahoma Natural Gas Company*, 2001 OK 35, 27 P.3d 477. "In order to determine whether there was an abuse of discretion, a review of the facts and the law is essential." *Board of Regents of University of Oklahoma v. National Collegiate Athletic Association*, 1977 OK 17, ¶ 3, 561 P.2d 499, 502.

5. Specifically, House contends a verified statement was required by Rules for District Courts of Oklahoma, Rule 4(c), which provides: "Motions raising fact issues shall be verified by a person having knowledge of the facts, if possible; otherwise, a verified statement by counsel of what the proof will show will suffice until a hearing or stipulation can be provided."

¶ 21 In an arbitration, a party "trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Mitsubishi Motors Corporation v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985).[6] "In reviewing an arbitrator's decision, the trial court must give the arbitrator great deference and 'cannot review the merits of the award, including any of the factual or legal findings.' *Fraternal Order of Police, Lodge 142 v. City of Perkins*, 2006 OK CIV APP 122, ¶ 4, 146 P.3d 829, 830 (citing *City of Yukon v. International Ass'n of Firefighters, Local 2055*, 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179)." *City College, Inc. v. Moore Sorrento, LLC*, 2010 OK CIV APP 127, ¶ 10, 246 P.3d 726, 730. The review House requests is beyond the scope of the applicable "highly deferential" standard of appellate review under the FAA, a standard which is "among the narrowest known to the law." *ARW Exploration Corporation v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir.1995). " 'Thinly veiled attempts to obtain appellate review of an arbitrator's decision' . . . are not permitted under the FAA." *Flexible Manufacturing Systems Pty., Ltd. v. Super Products Corporation*, 86 F.3d 96, 100 (C.A.7 (Wisc.) 1996) (quoting *Gingiss International, In. v. Bormet*, 58 F.3d 328, 333 (C.A.7 (Ill.) 1995)). We will not conduct the fact inquiry proposed in Proposition I of House's supplemental brief.

¶ 22 House argues the arbitration award should be vacated because it is not the "reasoned award" required under the parties' contract. She contends the award merely contains bare conclusions without any supporting legal authority, the award is in manifest disregard of applicable law, and, conse-

quently, its rendering exceeds the authority of the arbitrator.

¶ 23 The FAA imposes a heavy presumption in favor of confirming an award, and provides for vacation in narrow circumstances. *Wachovia Securities, LLC v. Vogel*, 918 So.2d 1004, 1007 (Fla.App. 2 Dist., Jan. 20, 2006); *e.g.*, *First Options of Chicago v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995) (vacatur should occur only in "very unusual circumstances"); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir.2004) (vacatur permitted only on narrow grounds); 9 U.S.C. § 10.

¶ 24 "[A] reasoned award is something short of findings and conclusions but more than a simple result." *Holden v. Deloitte & Touche LLP*, 390 F.Supp.2d 752, 780 (N.D.Ill.2005) (internal citations omitted). *Sarofim v. Trust Company of The West*, 440 F.3d 213, 215, n. 1 (C.A.5 (Tex.), 2006). In seven pages containing 27 numbered paragraphs, the arbitrator recites the history of the dispute, recounts facts elicited during hearing, describes the parties' contentions, finds a case cited by House distinguishable, and explains the rationale for the conclusions reached, including that House had not sustained damages. Although the award was more minimal than House would prefer, it nonetheless fulfills the terms of the parties' contract calling for a "reasoned award."

¶ 25 House also claims the award is subject to vacatur due to the arbitrator's "manifest disregard of the law," a non-statutory ground recognized by some jurisdictions in addition to the four grounds stated in the FAA.[7] In *Advest v. McCarthy*, 914 F.2d 6, 9, n. 5 (1st Cir.1990), the federal court explains

**6.** *See generally Wilbanks Securities, Inc. v. McFarland*, 2010 OK CIV APP 17, ¶ 9, 231 P.3d 714, 719, citing *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir.2000), quoting *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 31, 111 S.Ct. 1647, 1654, 114 L.Ed.2d 26 (1991), quoting *Mitsubishi* for this precept.

**7.** The four statutory grounds for vacating an arbitration award found at 9 U.S.C. § 10(a) are:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

that the origin of this ground "derives directly from dicta employed by the Court in *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953)," [8] and is judicially created.

¶ 26 As the federal court explains in *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8–9 (1st Cir.1990), reversal based on the ground of "manifest disregard of the law" requires a challenger to show

that the award is "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Local 1445, United Food and Commercial Workers v. Stop & Shop Cos.*, 776 F.2d 19, 21 (1st Cir.1985); *Bettencourt [v. Boston Edison Co.*, 560 F.2d 1045, (1st Cir.(Mass.) 1977) ], 560 F.2d at 1050.

¶ 27 The ground "manifest disregard of the law" is narrowly construed. *Prudential–Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 237–38 (1st Cir.1995). "The hurdle is a high one, especially since there is nothing talismanic about the phrase 'manifest disregard.'" 914 F.2d at 10. The Courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). In *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925 (10th Cir.2001), the Court explains:

We have interpreted manifest disregard of the law to mean "willful inattentiveness to the governing law." *ARW Exploration Corp.*, 45 F.3d at 1463 [9] (internal quotation marks omitted). Requiring more than error or misunderstanding of the law, *id.*, a finding of manifest disregard means the record will show the arbitrators knew the

law and explicitly disregarded it, *Prudential–Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 240 (1st Cir.1995). (Footnote added.)

*Accord, Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Intern., Ltd.*, (C.A.2 (N.Y.) 1989), 888 F.2d 260 ("manifest disregard of the law" refers to error which is obvious and capable of being readily and instantly perceived by the average person qualified to serve as arbitrator and implies the arbitrator appreciated the existence of a clearly governing legal principle but decided to ignore it); *Sheet Metal Workers' Intern. Ass'n, Local 15 AFL–CIO v. Law Fabrication, LLC*, 459 F.Supp.2d 1236, (M.D.Fla.2006), *affirmed*, 237 Fed.Appx. 543, 2007 WL 1821022 (manifest disregard of the law requires clear evidence that arbitrator was conscious of the law and deliberately ignored it and a showing that the arbitrator merely misinterpreted, misstated, or misapplied the law is insufficient); and *U.S. ex rel. Watkins v. AIT Worldwide Logistics, Inc.*, 441 F.Supp.2d 762 (E.D.Va.2006) (Party seeking to vacate based on manifest disregard of law is required to show that arbitrators were aware of law, understood it correctly, found it applicable to case before them, and yet chose to ignore it).

¶ 28 House's arguments premised on statutory definitions of "new" and "used" vehicles require a determination the statutes apply and were ignored. The arbitrator recounted Appellees' arguments the prior transaction had failed and found inapplicable statutes House contends were ignored. Vacatur is denied premised on the doctrine of manifest disregard of applicable law.[10]

## CONCLUSION

¶ 29 The trial court's order sending the parties' dispute to arbitration is AFFIRMED. House's claimed errors which are premised upon re-adjudication of the underlying issues will not be entertained, she

8. *Wilko* is overruled on other grounds by *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484–85, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989).

9. *ARW Exploration Corporation v. Aguirre*, 45 F.3d 1455 (10th Cir.1995).

10. House did not show a right to vacatur on this judicially-created ground. Consequently, we need not determine if the judicially-created exception survived in the wake of *Hall Street Associates LLC v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008), in which the Supreme Court held the grounds set forth in 9 U.S.C. § 10 are the exclusive means to vacate an arbitration award.

has failed to demonstrate entitlement to vacatur of the arbitrator's award upon other grounds alleged, and she has not shown the trial court abused its discretion or erred as to the law. The order confirming the arbitrator's award is AFFIRMED.

BUETTNER, Acting P.J., and GOREE, J. (sitting by designation), concur.